# Johnson v. Holifield.

*Bill in Equity by Executor, asking Instructions.*

1. *Bequest in perpetuity, in trust for preservation of private burying-ground.*—A bequest of money to county commissioners, "and their successors in office, or to such authority as may control and direct the finances of said county, to be held in perpetuity in trust," and the interest to be expended annually in the repair, preservation and neat keeping of the graves and monuments of the testatrix and other named relatives, is not a bequest to a charitable use, within the exception to the rule against perpetuities, and is void.

APPEAL from the Chancery Court of Lee.
Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 27th March, 1886, by Joseph A. Holifield, as the executor of the last will and testament of Mrs. Mary F. McLemore, deceased, against Lucy A. Johnson, who was the residuary legatee under the will; and asked the instructions of the court as to the validity of a bequest contained in the will, and the proper disposition of moneys in his hands arising from the sale of real estate. The defendant demurred to the bill, on the ground that the bequest was void. The chancellor overruled the demurrer, and his decree is here assigned as error.

TROY, TOMPKINS & LONDON, for appellant.

GEO. P. HARRISON, Jr., *contra*.

CLOPTON, J.—The will of Mary F. McLemore contains the following clause: "I give and bequeath to the Commissioners of Roads and Revenues of the county of Chambers and State of

[Johnson v. Holifield.]

Alabama, and their successors in office, or to such authority as may control and direct the finances of said county of Chambers and State, the sum of one thousand dollars, to be held in perpetuity in trust, and direct that the legal interest arising from said sum of one thousand dollars be expended annually in the repair, preservation, and neat keeping of the graves and monuments of myself, my first husband, William George, my second husband, Col. Charles McLemore, and my father and mother, all being and will be buried in said county of Chambers, Ala.; and I earnestly entreat this bequest and trust will be forever faithfully executed; said sum of one thousand dollars to be raised from the sale of my real estate in the city of Birmingham, Ala." The executor, having sold the real estate, and having in possession the requisite sum of money, applies to the court to construe this clause of the will as to the validity of the bequest; and if it held to be valid, for the appointment of a trustee, or directions to whom the money shall be paid.

The bequest, by its own terms, attempts to create a perpetuity; and is invalid, as repugnant to the rule against perpetuities, unless it can be brought within the exception—a charitable use.—1 Perry on Trusts, §§ 377–380. However strongly the courts may be moved to carry in effect the intention and objects of the testator in the construction and execution of wills, such purpose cannot be accomplished, when any principle of law will be thereby violated. The rule against perpetuities, so firmly established and universally sustained, with a single exception, is founded on considerations of public policy. It has been said: "A perpetuity is a thing odious in the law, and destructive to the commonwealth; it would stop commerce, and prevent the circulation of property." A private trust can not be created, so as to operate the inalienability of property beyond the period prescribed by the rule. But gifts to charitable uses, being highly favored by the courts, and the public being regarded as concerned in upholding such trusts, will be sustained and carried into effect, though their duration may be perpetual. Hence, the sole subject of inquiry is, whether the bequest creates a private trust, or is its object a charitable use, in the legal sense.

It may be conceded, that a testator may make a valid bequest of money to erect a tomb, or monument; and that a valid trust to preserve and keep in repair a vault or tomb, or burying-ground may arise, when imposed as a condition to a bequest of property to individuals or to a society, a perpetuity not being created. Within the latter class falls *Lloyd v. Lloyd*, 10 Eng. L. & Eq. 139, in which the Vice-Chancellor says: "Now I am satisfied that a condition for keeping a tomb in repair is not a charitable use, and is not illegal. It may be

[Johnson v. Holifield.]

illegal to vest property in perpetuity in trust for that purpose, so as to create a perpetuity; but a direction that the wife and Mary Martha Lockley are during their lives to enjoy the annuity, and are to keep the tomb in repair, is quite lawful; it is a valid condition imposed on the enjoyment." And it may be bequest to maintain and keep in repair a public cemetery, though in perpetuity, would be sustained. The present case does not fall in either of these classes. The trust is, that the interest shall be expended annually. in the repair, preservation, and neat keeping of the graves and monuments of testatrix and four other named persons—a trust characterized by an English Vice-Chancellor as merely honorary.

Trusts for charitable uses did not originate in the English statute, nor are they limited to the objects therein enumerated. Whatever object comes within the spirit and intendment of the statute, is included. GRAY, J., gives a clear and comprehensive definition in *Jackson v. Phillips*, 14 Allen, 539. He says: "A charity, in the legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering, or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in its nature." In *Dexter v. Gardner*, 7 Allen, 243, a bequest, which gave personal property to the overseers of the "Long Plain Friends' preparatory meeting and their successors in office in trust forever, the income to be appropriated for the benefit of the Friends' meeting in Fairhaven and Rochester," was sustained, on the ground that all the objects, to which the overseers had a right, by the usages of their denomination, to apply their funds, are to be regarded as charitable. The objects were the maintenance of religious worship, aiding the sick and poor, and the purchase and repair of burying-grounds. But, in this case, the distinction is recognized. It is said: "The case of *Doe v. Pitcher*, 6 Taunt. 359, in which it was held that a grant in trust to repair, and, if need be, to rebuild a vault and tomb for a private family, was not a charity, is not in point, because the object there was merely secular." And in a late case in the same court, it is held, that a provision by will, for perpetually preserving, adorning, and repairing a private mortuary monument, is void.—*Bates v. Bates*, 134 Mass. 110; s. c., 45 Amer. Rep. 305. In *Swasey v. American Bible Society*, 57 Me. 523, a legacy to keep in repair a family

burying-ground was upheld. But, in a recent case, it was also held, that a bequest of money, the income to be expended forever to keep the testator's lot in a certain burying-ground in good order and condition, is in perpetuity, and void.—*Piper v. Moulton*, 72 Me. 155.

In this State, the jurisdiction of courts of equity, in such cases, is independent of the statute of uses, or of any prerogative power of the court, and is founded on its original and inherent power to sustain such trusts, because of their charitable uses,—a jurisdiction which was exercised prior to the statute. Excepting the doctrine of *cy pres*, of the prerogative power, and of superstitious uses, as inconsistent with the character of our institutions, " the law of charities, as administered in the English Court of Chancery, is substantially our law." *Williams v. Pearson*, 38 Ala. 299. From the English law, as modified by our decisions, must be mainly derived the rules and principles governing the nature and validity of the bequest under consideration. It seems to be well settled by the course of decisions, that a bequest of money, the interest thereon to be perpetually applied to preserving and keeping in repair the graves and monuments of testatrix and other named persons, is repugnant to the rule against perpetuities, and void. *Richard v. Robson*, 31 Beav. 244; *Fowler v. Fowler*, 33 Beav. 616; *Doe v. Pitcher*, 6 Taunt. 358; *Hoar v. Osborne*, 1 L. R. Eq. 583; *Dawson v. Small*, 18 L. R. Eq. 114; *Thompson v. Pitcher*, 2 Marsh. 61; 1 Jar. Wills, (Big. Ed.) 211; 2 Williams Ex'rs, 1140.

The bequest under consideration possesses none of the elements of a charitable use. It is not a gift to any public purpose. In the object, for which the interest on the money is to be expended, the public have no concern. There is not the requisite vagueness and indefiniteness as to the number of persons to be benefited. It is not to keep in repair a family burying-ground, in which rich and poor members may be buried. The object is to preserve the graves and monuments of testatrix and four relatives, specifically designated. The purpose is merely secular. However gratifying and creditable to the heart of the testatrix may be the object of the bequest, we are forced by the current and weight of authority, both in England and America, to declare that it is not a charitable use in the legal sense; and that the bequest attempts to create a perpetuity, and is void.

The record does not show whether the residuary legatee is also the heir at law. If not, the heir is not made a party. We therefore express no opinion, to whom the money bequeathed passes, the legacy being void.

The decree of the chancellor is reversed, and a decree will be

[Knowles v. Steed.]

here rendered declaring the bequest void. The appellee will pay the costs of suit in the Chancery Court, and the costs of appeal, the amount so paid to be retained by him out of the assets in his hands as executor.