# Universalist Convention of Ala. v. May.

*Bill to Acquire Control of Trust Funds.*

(Decided May 31st, 1907. 41 So. Rep. 515.)

*Charities; Cy Pres Doctrine.*—The doctrine of cy pres, as recognized and administered by the English courts of chancery in reference to trusts, being, as it was, based upon the prerogative power of kings, is not recognized by the Alabama courts.

APPEAL from Houston Chancery Court.

Heard before HON. W. L. PARKS.

The case made by the bill is that the appellant is a corporation organized under the laws of Alabama and engaged in the work of propagating a religious doctrine known as Universalism, and in the building and organizing of churches within said state for the purpose of furthering said work and enabling them to carry on the same in a more efficient manner; that all of such churches are the property of the state organization; that in January, 1897, Green conveyed to Granger & Price, as trustees of the Universalist Church of the town of Dothan, a certain lot, which was sold upon order of this court at public outcry, and the sum of $750 was realized from said sale, the same being net after payment of costs and expenses, and that the same is now in the hands of the register of this court; that said trust estate has failed of execution because there is not now and never has been a Universalist Church organized in Dothan, and the said estate is entirely wanting in a cestui que trust, and that there is but one Universalist Church organization in Alabama, this plaintiff, and as such all church property becomes the property of and belongs to the state organization; that it was contemplated by the grantors in said trust deed at the time of its execution that the beneficiary, the church at Dothan, should become a part

of the Universalist General Convention, or the complainant in this case, which is one of its subdivisions, and that complainant should become the owner and control the property so conveyed for the establishment of such a church at Dothan, but that after diligent effort to organize and establish a church of this faith and order at Dothan they have failed; that unless the chancery court grants relief in this behalf, the trust estate will continue dormant and unused, and the purposes for which the same was created will fail; that after making the conveyance above set out the said Granger and Price died, and that no trustee was appointed or elected in their place until the appointment of the respondent herein as trustee by the register of this court; and that said respondent is the sole trustee of said trust estate. The bill contained an offer to make bond for the fund above referred to in double its amount, to be approved by the register of this court and payable to this respondent, and conditioned upon the return of the said fund whenever a Universalist Church is organized in Dothan, Ala. The prayer of the bill was that complainant be entitled to have the use and custody of the fund in the hands of the register of this court, and that the said trust estate has failed, in that there is no beneficiary therefor, and that the property conveyed to said trustee, or the proceeds thereof, be delivered to orators, to be used as to them may seem right and proper. There were demurrers and motions to dismiss for want of equity. From this decree, this appeal is prosecuted. There was also motion to dismiss the appeal in this cause, which was overruled.

R. D. CRAWFORD, for appellant.—Under the allegation of the bill complainants are most nearly like the bequest to which the trust fund is specially dedicated and therefore the trust fund in the hands of the register should be transferred to the care, custody and control of complainant.—5 A. & E. Ency. of Law, p. 939; 8 Ib. p. 534.

ESPY & FARMER, for appellees.—Houston county never having been added to or made a part of the southeastern

[Universalist Convention of Alabama v. May.]

chancery division, except by the act of Feb. 28th, 1903, (Acts 1903, p. 108), which act is a local act and unconstitutional for want of notice, the proceedings in this case are void and the cause should be dismissed.—*Lancaster v. Gafford,* 37 So. Rep. 108; *Kidd v. Burke,* 38 So. Rep. 241. The doctrine of cy pres as administered by the courts of England has never been recognized in Alabama.—*Williams v. Pearson,* 38 Ala. 299.

DOWDELL, J.—The complainant by its bill invoked an application of the doctrine of cy pres in the application of a trust. Upon this theory, and this alone, is the bill filed. The bill was demurred to by the respondent, assigning a number of grounds, which demurrer was sustained by the chancellor, and from his decree the present appeal is prosecuted.

Apart from any consideration of insufficiency in the averments of the bill, as pointed out by the demurrer, it is enough to say that the theory upon which the bill is filed finds no support in the former adjudications on the subject by this court. The doctrine of cy pres, as recognized and administered by the English Court of Chancery, was based upon prerogative power of the king, and the principle, therefore, is by us, under our institutions, without recognition.—*Carter v. Balfour,* 19 Ala. 814; *Williams v. Pearson,* 38 Ala. 299; *Johnson v. Holifield,* 79 Ala. 423, 58 Am. Rep. 596. There was no error in sustaining the demurrer to the bill, and the decree of the chancellor will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.