SAMUEL B. MASON, Exr., Appellant, *vs.* THE BLOOMINGTON LIBRARY ASSOCIATION *et al.* Appellees.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. WILLS—*devise to private trustee for perpetual care of burial lot is void.* A perpetual trust cannot be created for the purpose of caring for a private burial lot unless its creation is authorized by statute, and as there is in Illinois no statute authorizing the creation of such a trust in the hands of a private trustee, a devise to a private trustee for such purpose is void.

2. SAME—*when doctrine of cy pres applies.* A bequest in trust, to establish, in connection with a named library corporation, an art studio or gallery for the advancement of education in art is not a bequest in trust for the benefit of the corporation named, but is a charitable bequest, and if the corporation named has conveyed all of its property to another library association and has ceased to exist as a going concern, the court, under the doctrine of *cy pres,* may substitute the new association for the corporation named, for the purpose of carrying the trust into execution.

3. TRUSTS—*when court should not appoint new trustees.* Where a testatrix has named the trustees she desires to act but has failed to provide for the appointment of successors in trust, a court of

chancery has power to appoint such successors in case of a vacancy; but unless the trustees named in the will disclaim, the court should only exercise such power upon proof that a vacancy exists and upon notice to all parties in interest, including the trustees named, if living.

4. APPEALS AND ERRORS—*when Appellate Court may act without assignment of cross-error.* Upon appeal from a decree construing a will, where it is assigned as error that the lower court erred in holding that a trust fund in the hands of the executor should be turned over to a certain library association to administer the trust, the Appellate Court, if it agrees with the trial court's construction of the will as to the trust but determines that the disposition of the fund was wrong, may, without an assignment of cross-error, direct the proper disposition of the fund.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

This was a bill in chancery filed by Nelson P. Perry and Thomas C. Kerrick, executors of the last will and testament of Emily T. Perry, deceased, in the circuit court of McLean county, to obtain a construction of the will of Emily T. Perry. Pending the litigation the files were destroyed by fire and Nelson P. Perry died. By leave of court the surviving executor restored the files and amended his bill, making new parties. Samuel B. Mason, executor of the last will and testament of Nelson P. Perry, deceased, the Bloomington Library Association and the city of Bloomington filed answers, each claiming the fund in controversy. A trial was had before the chancellor and a decree entered, from which the executor of the last will and testament of Nelson P. Perry, deceased, prosecuted an appeal to the Appellate Court for the Third District, where the decree of the circuit court was reversed and the cause was remanded with directions, and the executor of the last will and testament of Nelson P. Perry, deceased, has prosecuted a further appeal to this court.

The provisions of the will necessary to be considered in disposing of the questions involved read as follows:

1. "I direct, first, that all my lawful debts and funeral expenses shall be paid, and that the sum of $500 shall be placed in the hands of a proper person as trustee, (John H. Russell, of Middletown, Connecticut, being hereby empowered to name and appoint such trustee,) from which said sum of $500 there shall be expended so much as such trustee shall consider necessary and proper for a monument at my burial place, and the residue of such sum of $500 shall by such trustee be put and kept at interest, and such interest shall be annually expended in the care of the family burial lot where I shall be buried.

7. "I give, devise and bequeath in trust to Jonathan H. Cheney, of Bloomington, as trustee, $6000 upon the following trusts, viz.: The said trustee shall keep and put said sum at interest upon good security during the lifetime of my husband, Nelson P. Perry, and shall collect the interest therefrom, and pay the same as collected to my said husband during the lifetime of my said husband, for his support; and no part of said fund, either principal or interest, shall ever be subject to or liable for the claim or claims of any creditor or creditors of my said husband in the hands of said trustee or otherwise, and said trustee shall never, in anywise, be answerable to any creditor of my said husband for or on account of any of said fund, either principal or interest.

9. "The residue of my estate, including therein the $6000 hereinbefore devised in trust to Jonathan H. Cheney, after said trust shall have terminated by the death of my said husband, I give, devise and bequeath to said Jonathan H. Cheney and Chalmers C. Marquis, trustees, in trust for the following uses and purposes, viz.: To establish, in connection with the Bloomington Library Association, an art studio or art gallery and studio, meaning thereby a suitable place wherein works of art will be collected, kept, preserved

or exhibited for the advancement of education in art, the conduct, management and supervision of which art gallery and studio shall be in charge of the officers of the Bloomington Library Association. The said art gallery or studio shall be named the 'Russell Art Annex,' or some suitable name or appellation of which the name Russell shall be a part, in commemoration of my mother, Rachel P. Russell. The said trustees may, in their discretion, turn over to said Library Association the whole or a part of the principal sum of said fund for the use aforesaid,. or may put and keep the whole, or a part thereof, at interest upon good security, collect the interest thereof and pay the same as collected to said Bloomington Library Association for the use as aforesaid."

The decree found that there was in the hands of the surviving executor the sum of $4972.56; that out of said fund there should be set aside $406 in accordance with the first paragraph of said will, the sum of $94 having been expended by the executors for a monument for the testatrix, and after deducting said $406 and paying the costs of suit, the balance of said fund should be turned over to trustees for the benefit of the Bloomington Library Association, for the purpose of carrying out the provisions of the ninth paragraph of the will. The decree then appointed Samuel B. Mason trustee to receive the $406 under the first paragraph of the will, and J. H. Burnham and H. H. Green trustees to receive the balance of the fund under the provisions of the ninth paragraph of the will. The Appellate Court agreed with the construction placed upon paragraph 1 of the will by the circuit court, but held that under the ninth paragraph of the will the doctrine of *cy pres* should be applied, and that the fund disposed of by that paragraph of the will should be held by trustees for the purpose of establishing, in connection with the Withers Public Library, an art studio or art gallery and studio, wherein works of art might be collected, kept and preserved or exhibited, for the advancement of education in art.

BARRY & MORRISSEY, for appellant.

LOUIS FITZHENRY, City Attorney, for appellee the city of Bloomington.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the first paragraph of the will creates a perpetuity and is void, and that the court erred in appointing a trustee and in directing that the amount remaining of the $500 mentioned in that paragraph, after the purchase of a monument, should be turned over to a trustee to be kept at interest, the interest to be expended in the care of the family burial lot where the testatrix should be buried.

The law is well settled in this country that a perpetual trust cannot be created to take care of a private burial lot unless the creation of such trust is authorized by statute. (6 Cyc. 918; 5 Am. & Eng. Ency. of Law,—2d ed.—933; *Bates* v. *Bates,* 134 Mass. 110; *Coit* v. *Comstock,* 51 Conn. 352; 50 Am. Rep. 29; *Johnson* v. *Holifield,* 79 Ala. 423; 58 Am. Rep. 596; *Hopkins* v. *Grimshaw,* 165 U. S. 342.) In this State the legislature has provided (Hurd's Stat. 1905, p. 223,) that trusts may be created for such purpose in the hands of the boards of directors provided for by "An act to provide for the proper care and management of county cemetery grounds," but there is no statute in this State which provides for the creation of such a fund in the hands of a private trustee. A trust created under a statute authorizing a trust to be created in perpetuity for the purpose of caring for and keeping in repair a cemetery, burial lot or monument is characterized by the court in *Morse* v. *Inhabitants of Natick,* 176 Mass. 510, (57 N. E. Rep. 996,) as a statutory trust in contradistinction to a charitable trust. The cases of *Green* v. *Hogan,* 153 Mass. 462, and *Jones* v. *Habersham,* 107 U. S. 174, are not, therefore, in point. In *Bates* v. *Bates, supra,* the court said an examination of the

authorities (and many cases are cited) "will show that it has been repeatedly held that a bequest to provide a fund for the permanent care of a private tomb or burial place could not be treated as a public charity and thus made perpetual, and that such bequest would be void." It was also pointed out in that case that there was in force in that State a statute similar to the statute in this State hereinbefore referred to, but it was said "these statutory provisions have here no application." And in *Coit* v. *Comstock, supra,* it was said: "It has been held in numerous decisions that bequests for the purpose of keeping burial lots or cemeteries in good order or repair are not given in charity, and therefore are not protected by the Statute of Charitable Uses." And in *Johnson* v. *Holifield, supra,* it was said: "It seems to be well settled by the course of decisions that a bequest of money, the interest thereon to be perpetually applied to preserving and keeping in repairs the graves and monuments of testatrix and other named persons, is repugnant to the rule against perpetuities, and void."

We would be glad to hold, were it possible so to do, the trust attempted to be created by the testatrix by the first paragraph of her will valid. We are, however, forced by the current and great weight of authority to hold that a trust like the one in question is not a gift to any public use and that its purpose is purely private and secular. Our conclusion is, therefore, that the trust attempted to be created by the first paragraph of the will is void, and that the portion of the $500 mentioned in that paragraph, remaining after the purchase of the monument, should be treated as a part of the residuary estate of the testatrix and disposed of under paragraph 9 of said will.

The next contention arises over the proper construction to be placed upon the ninth paragraph of the will. The Bloomington Library Association was incorporated under and by virtue of a special act of the legislature approved February 23, 1867, which act designates the objects for

which the association was organized to be, "to establish and maintain a library and reading room, to procure literary and scientific lectures and otherwise promote the intellectual improvement of its members," and said association succeeded to all the property rights of a voluntary association theretofore existing in the city of Bloomington known as the Ladies' Library Association, and said association was empowered by said act to create a capital stock not to exceed in amount $100,000, which was divided into shares of $50 per share, to raise a fund for the purpose of promoting the objects of the association, including the erection of a building for its use, and it was provided that after the payment of all expenses any surplus arising from the rents and profits of any real estate or buildings purchased or built by the association with such capital stock should annually be divided *pro rata* among its stockholders, and the act was declared to be a public act. On June 1, 1885, Sarah B. Withers conveyed to the said association a lot situated in the city of Bloomington, upon the condition, among other things, that the said association should erect or cause to be erected upon said lot a building suitable for its library, and to accommodate its members and the public under the usual and customary regulations adopted for the government of such associations. The association accepted the said conveyance and erected a building on said lot at a cost of more than $20,000, and equipped the same with furniture, etc., and placed therein its books, pictures, etc., at a cost of about $25,000, and used and conducted the same as a public library and reading room until June 18, 1894. On that day said association conveyed to the board of directors of the Withers Public Library, an association organized under the laws of the State of Illinois, all its property of every character, in trust, upon the condition, among other things, that the same should be used as a free public library for the use and benefit of the inhabitants of the city of Bloomington forever, and the property has been used, and is now used,

for such purpose, and since the execution of said convey-
ance said Bloomington Library Association has ceased to
exercise any of its charter powers and has no property of
any consequence.

We think it clear that the ninth paragraph of Emily T.
Perry's will created a trust to establish an art studio or art
gallery and studio, wherein works of art were to be col-
lected, preserved and exhibited for the advancement of edu-
cation in art. While the testatrix provided that the studio
or studio and art gallery mentioned in paragraph 9 of her
will should be carried on in connection with the Bloom-
ington Library Association, she did not create a trust for
the benefit of said library association, but, on the contrary,
she created by that paragraph of her will a trust for the
benefit of the public, for the purpose of erecting an art
studio or art gallery and studio, which was to be carried on
for the advancement of education in art. That the creation
of a trust to establish for the benefit of the public an art
studio or art gallery and studio for the advancement of ed-
ucation in art is, within the meaning of all the authorities,
a charitable trust, we have no question, (*Kemmerer* v. *Kem-
merer,* 233 Ill. 327,) and we think it equally clear that as
the Bloomington Library Association has ceased to exist as
a going association for the purpose of exercising its charter
powers, (*Miller* v. *Riddle,* 227 Ill. 53,) under the doctrine
of *cy pres,* as understood in this State, a court of chancery
has the power to substitute the Withers Public Library
in the place of the Bloomington Library Association, for
the purpose of administering and carrying into execution,
through said trustees, the trust created by the ninth para-
graph of said will. In *Kemmerer* v. *Kemmerer, supra,* this
court, on page 338, quoted with approval the following lan-
guage from Story's Equity Jurisprudence: "If the bequest
be for charity it matters not how uncertain the persons or
the objects may be, or whether the persons who are to take
are *in esse* or not, or whether the legatee be a corporation

237 — 29

capable, in law, of taking or not, or whether the bequest can be carried into exact execution or not, for in all these and the like cases the court will sustain the legacy and give it effect according to its own principles; and where a literal execution becomes inexpedient or impracticable, the court will execute it as nearly as it can according to the original purpose, or as (as the technical expression is) *cy pres.*" The Appellate Court, we are of the opinion, did not, therefore, err in holding that the fund which the ninth paragraph of the will provided should be set aside for charity should be administered by the trustees in connection with the Withers Public Library instead of in connection with the Bloomington Library Association, under the provisions of the ninth paragraph of said will.

It is further contended that the court erred in appointing J. H. Burnham and H. H. Green trustees in the absence of any showing that Jonathan H. Cheney and Chalmers C. Marquis, the trustees named in the ninth paragraph of the will, had resigned, refused to act or were disqualified from acting. The testatrix had the power to name the trustees who should execute the trust created by paragraph 9 of her will, and also the power to determine the manner in which their successors should be appointed, if she saw fit. (*French v. Northern Trust Co.* 197 Ill. 30.) She named trustees, but failed to designate how their successors should be appointed in case of a vacancy in their trusteeships. A court of chancery had, therefore, in case said trustees resigned, failed to qualify, died or were otherwise disqualified, power to appoint trustees as their successors; but such court, unless the trustees disclaimed, should only exercise such power upon proof that a vacancy existed and upon notice to all parties in interest, which would include the trustees named in the will, if they were living. *Hall v. Irwin,* 2 Gilm. 176; 22 Ency. of Pl. & Pr. p. 38.

It is finally said that the city of Bloomington, which appeared and set up the rights of the public in and to said

fund under the provisions of paragraph 9 of the will, failed to assign cross-errors in the Appellate Court, and that the Appellate Court, for want of a proper assignment of cross-errors, was powerless to pass upon the question whether or not the trust fund arising under the ninth paragraph of the will could, *cy pres,* be applied by the trustees named under that paragraph of the will or appointed by the court to carry out the provisions of the trust, in connection with the Withers Public Library, but that the Appellate Court having held that said trust fund could not be administered by the trustees in connection with the Bloomington Library Association, it was bound to reverse the case and direct the fund to be paid to the appellant, as executor of the last will and testament of Nelson P. Perry, deceased. We do not agree with such contention. The bill was filed for the purpose of obtaining a construction of the will of Emily T. Perry, and it was assigned as error in the Appellate Court that the circuit court erred in holding that the fund in the surviving executor's hands should be turned over to said trustees for the Bloomington Library Association. That assignment authorized the Appellate Court to pass upon the question whether the circuit court had properly disposed of the fund in said surviving executor's hands, and that court having held that the circuit court had erred in decreeing that said fund should be held by the trustees for the benefit of or turned over to the Bloomington Library Association, it had the right to determine what disposition the circuit court should make of said fund upon the case being remanded to that court, otherwise the bill for a construction of the will would have wholly failed.

The decree of the circuit court and the judgment of the Appellate Court will be reversed and the cause will be remanded to the circuit court for further proceedings in accordance with the views hereinbefore expressed.

*Reversed and remanded.*