# Moseley *v.* Smiley, *et al.*

### Bill to Cancell Deed and Appoint Trustee.

(Decided April 5, 1911.   Rehearing denied April 27, 1911.
55 South. 143.)

1. *Charities; Charitable Trusts; Requisites.*—A charitable trust requires that its beneficiaries shall be an uncertain body or class and that its purposes shall be public.

2. *Same; Perpetual.*—A charitable trust contemplates perpetuity, and a perpetual trust cannot be created for individuals.

3. *Same; Indefiniteness.*—Where the trustees of a charitable trust may apply the trust estate to other than strictly charitable purposes as well as to such as are strictly charitable, the trust is invalid for indefiniteness.

4. *Same; Enforcement.*—Where a grantor conveyed lands to himself and others as trustees for a voluntary unincorporated association and schoolhouse, and the association acted in concert with the public school authorities in furnishing the school with a teacher, so long as such association existed, and children from the neighborhood were permitted to attend the school, and after the association ceased to exist the school remained under the control of the school trustees, such school trustees either in their official capacity or as pri-

[Moseley v. Smiley, et al.]

vate citizens could not enforce the trust created by the deed; to the deed and the deed alone must the court look to ascertain the nature of the interest created.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Bill by H. C. Smiley and others against J. J. Moseley to cancel a deed, appoint trustees and administer the property. From a decree for complainant respondent appeals. Reversed and rendered.

WILLIAM C. OATES, for appellant. It is the general rule that in the creation of a trust the estate of the grantee continues so long as he continues to use the property for the purpose specified, and the condition is violated when he ceases such use or abandons the purpose contemplated.—13 Cyc. 699. The intent of the grantor is also governing factor.—2 L. R. A. 177. If one of the provisions is subordinate and incidental to the main object of the grant, and there is failure by non performance as to the main object the incidental part also fails.—17 S. W. 277. In construing covenants or descriptions as to the use of property, the circumstances surrounding the parties and the property at the time of the grant as well as the intent of the parties must be considered.—13 Cyc. 714. Title under trustee continues so long as is necessary to support the equitable title of the cestui que trust.—17 Ala. 636. Powers or trusts cannot continue beyond the period required by the purposes for which they were created.—*Fox v. Stars*, 75 Ala. 265. When the objects are performed the title of the trustee ceases.—Authority supra. The parties filing the bill could not maintain it.—*Mobile L. & I. Co. v Glass*, 129 Ala. 214; *Chambers v. Wright*, 52 Ala. 445; *Thornton v. Neale*, 49 Ala. 590.

[Moseley v. Smiley, et al.]

L. A. SANDERSON, for appellee. The bill was not multifarious, nor did it join improper parties.—30 Cyc. 132; Rule 19, Ch. Pr. All the demurrers to the bill were properly overruled.—*Douglass v. City Council,* 118 Ala. 613; *L. & N. v. Mobile,* 124 Ala. 166; *Dennis v. M. & M. Ry. Co.,* 137 Ala. 658; *Webb v. City of Demopolis,* 95 Ala. 116.

SAYRE, J.—In 1891 J. J. Moseley, on a valuable consideration, conveyed the parcel of land in controversy to himself and two others, "trustees for Tabernacle Alliance Hall and Schoolhouse, and to their successors in office." Tabernacle Alliance was a voluntary unincorporated association, whose members were admitted by ballot. In 1895 it died for lack of sustaining interest. Since then a school has been kept on the premises under the direction and control, as we gather, of the district school trustees. In 1909 Hoppin Murrell procured a conveyance of the property to himself from J. J. Moseley, who had executed the deed to Tabernacle Alliance, and went into exclusive possession. Thereafter Smiley and others, describing themselves as citizens of the community and patrons of the school, filed this bill to have the deed to Murrell cancelled, and trustees appointed to take possession and administer the property in accordance with the trust created by Moseley's deed to Tabernacle Alliance.

The bill is in effect an equitable ejectment. Before submission for final decree, it was thought proper to amend the bill by eliminating all parties complainant except Walter Tarver and William Crowley. These parties are not shown to be interested otherwise, and we have inferred that the bill in its final shape was prosecuted in their name, on the theory that they, in virtue of their offices as trustees of the public school

district in which the property is located, were entitled to assert a public interest. It may be that the deed created a public trust for the members of the Alliance; but the nature of a "charity," as that term is used in courts of equity, requires that its beneficiaries should be an uncertain body or class. Its purposes must be public.—*Johnson v. Holifield,* 97 Ala. 423, 58 Am. Rep. 596.

A charitable trust contemplates perpetuity, too. "Indeed, it is always hoped, where funds are given in trust, the income to be applied to some church, almshouse, hospital, or school, that such institution will exist indefinitely, and that the donor's bounty will be a perennial spring for generations." Perry on Trusts, § 737. On the other hand, a perpetual trust cannot be created for individuals.—*Lyons v. Bradley,* 168 Ala. 505, 53 South. 244.

It appears in the evidence that the alliance acted in concert with the public school authorities of the district in furnishing the school with a teacher after the land had been purchased and the building erected, and the children from the neighborhood, whose parents were not members of the alliance, were permitted to attend the school, and that after the disintegration of the alliance the property fell by common consent under the control of the district school trustees; but, on consideration of the terms of the deed, to which alone we may look to ascertain the nature and extent of the interests created, we think it is impossible to say that the alliance may not have used the school property for the exclusive benefit of its own members or that it may not have caused the trustees to alien its interest in the property at its will. "The qestion is, not whether he may not apply it upon purposes strictly charitable, but whether he is bound to so apply it."—*Morice v. Bishop*

[Hanchey v. Powell.]

*of Durham,* 9 Ves. 399. "If it might, consistently with the bill, be applied to other than strictly charitable purposes, the trust is too indefinite for the court to execute."—*James v. Allen,* 3 Mer. 17; *Attorney General v. Soule,* 28 Mich. 153.

We do not consider either the legal or eqitable status of the ownership of this property since the dissolution of the alliance, for the opinion which we have formed of the case is that complainants, whether as private citizens or as school trustees, have no such relation to the subject-matter as will authorize them to maintain this bill.

The decree will therefore be reversed, and a decree here rendered dismissing the bill, at complainant's cost.

Reversed and rendered.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.