(130 So. 209)

### TARVER et al. v. WEAVER et al.
#### 2 Div. 959.

Supreme Court of Alabama.
June 10, 1930.

Rehearing Denied Oct. 23, 1930.

664

W. E. Callen, Jr., and Pettus & Fuller, all of Selma, for appellees.

C. H. Roquemore, of Montgomery, for appellants.

BROWN, J.

The bill is filed by the appellants as heirs at law of Clara M. Parrish, who died testate, against her executrix and certain of the legatees, and seeks to remove the administration of the estate from the probate court to the circuit court for further administration in equity, and to declare certain of the bequests

made by the will void or lapsed and compel distribution.

If, as alleged, any of the bequests have lapsed or are void, leaving property not disposed of by the will to be administered and disposed of under the statutes of descent and distribution, the bill is well filed, for the law is settled in Alabama that any person entitled to share in the distribution of an estate being administered in the probate court, whether as devisee or heir at law, has the right to have the estate administered in a court of equity, and need not show a special equity as a predicate for the removal of the administration from the probate court. Gould v. Hayes, 19 Ala. 438; Moore v. Randolph's Adm'r, 70 Ala. 575; James v. Faulk, 54 Ala. 184; Hill v. Armistead, 56 Ala. 118; Teague v. Corbitt, Administrator, 57 Ala. 529; Bragg, Adm'r, v. Beers, 71 Ala. 151; Bromberg v. Bates, 98 Ala. 621, 13 So. 557; Kelen et al. v. Brewer, ante, p. 445, 129 So. 23.

It appears from a copy of the will made Exhibit A to the bill that the complainants are legatees under the will, but they assert no claim or right as such, and, in the absence of averments to the contrary, it will be assumed that their claims as legatees have been satisfied. Therefore, unless some one or more of the bequests are void or have lapsed, the complainants show no such interest in the estate as authorizes them to maintain the bill.

The bill treats paragraph 8 as a devise of the property therein described to the Episcopal Church, or, to be more accurate, to the Diocese of Alabama as it pertains to that church, and, though the averments of the bill show that nothing has been done by the executors of the will toward having the silver and jewels formed into a bishop's crook and presented to the Diocese of Alabama, as the will directs, still it avers that the bishop has refused to accept the crook, and therefore the devise has lapsed.

This contention shows that the complainants have misconceived the purpose and legal effect of said paragraph, which is clearly a donation of power to the personal representative of the testatrix as to the use and disposition of specific property for a particular purpose, a power coupled with or implying a trust, and the mere neglect or refusal of the donee of the power to exercise it.

Courts of equity will not permit "a trust to fail or be defeated by the refusal or neglect of the trustee to execute the power, if the power is so given that it is reasonably certain that the donor intended that it should be exercised." Perry on Trusts (7th Ed.) 248; Brown v. Higgs, 8 Ves. 574.

The clear purpose of this power was to have the silver received by the testatrix as wedding gifts and her personal jewels converted into a memorial dedicated to the memory of her deceased husband. This was the property of the testatrix, and, so long as her disposal of it was not in violation of the law, it was her right to dispose of it as she pleased, and, though her directions and requests may seem fanciful or unwise, it is not within the discretion of the donee of the power to disregard them, nor will the court for such reason refuse to enforce that trust.

The direction of the will is not that the property mentioned in said paragraph shall be presented to the bishop for his acceptance, but that it shall be formed into a bishop's crook, topping an ebony staff, "and this crook when so made shall be presented by my executors to the Diocese of Alabama."

The most the averments of the bill show in this respect is a neglect on the part of the personal representative to exercise the power and execute the trust, and, as we have shown, this is not sufficient to destroy the trust so as that the property would pass to the heirs at law.

Appellants further contend that paragraph 14 of the will, disposing of what the will terms as the general estate, is void, because: (1) It violates the rule against perpetuities; (2) that the devisee, St. Paul's Church, is an unincorporated association and is incapable of assuming and administering the trust; and (3) that the uses to which the property is to be devoted are too indefinite to be specifically executed by a court of equity.

The specific provision of the will brought in question here is: "(j) Upon the death of my sister, Rose P. Weaver, and my brother, William M. Weaver, all of the property, real, personal and mixed of my said general estate, I hereby give, devise and bequeath unto St. Paul's Church of Selma, Alabama, in trust, forever, for the following purposes and uses, namely: to use the net income, only, *in relieving the poor*, especially the sick poor of Selma, Alabama, irrespective of race, creed or color; in maintaining and keeping available, for charity patients, one or more beds in a Selma hospital or hospitals, having due consideration for the needs of colored as well as white patients, the fund used for such purpose to be known as the 'Weaver-Parrish Memorial'; and in giving and providing University scholarships, one to be awarded every other year, to protestant white youths, graduates of a high school in Selma, Alabama, who shall have attained a high grade in scholarship, of good character, prepared to enter such university, and who are considered by the Rector and Wardens of said Church as worthy and so qualified (provided, however, such scholarship shall be available only to poor boys having no other means of obtaining college education, and provided, however, further, that any lineal descendants of Phillip J. Weaver, deceased, when otherwise qualified shall have preference over others in awarding the same; and I hereby designate

Yale, Harvard, Columbia, or the University of Virginia, as the colleges to which said scholarship may be given, and all such scholarships so awarded shall be known as. the Weaver-Parrish Scholarships)."

██ ██ That there is no merit in the first two stated objections is too well settled to require discussion, and we are content to merely cite the cases. Carter & Wife v. Balfour's Adm'rs, 19 Ala. 814; Alabama Conference M. E. Church South v. Price, Ex'r, etc., 42 Ala. 39; Williams v. Pearson, 38 Ala. 299; Crim et al. v. Williamson et al., 180 Ala. 179, 60 So. 293; Russell v. Allen, 107 U. S. 163, 2 S. Ct. 327, 27 L. Ed. 397.

Appellants' contention that the charities to which the trust property is dedicated are not sufficiently defined is rested upon the holding of the court in Crim et al. v. Williamson, supra. The provisions of the will in that case were: "The charities to be dispensed by my trustees hereinafter named, representing my said estate, and the said Masonic lodge, charities to Masonic widows and orphans preferred; *but my trustees, hereinafter appointed, are not restricted to such charities*, but shall exercise a *wise discretion in aiding worthy objects of charity*. In the event Mallory Gothard should be living and can be found, I direct that he shall share in such distribution of charities as may be found necessary." This was not a trust for charity generally, but was an effort to create a trust for a class not definitely defined. The court held this provision of the will void because it left the selection of the class to the ultimate discretion of the trustees. If it had been a bequest to charity generally, the result would probably have been different. Minot v. Baker, 147 Mass. 348, 17 N. E. 839, 9 Am. St. Rep. 713.

"In the books, it is said the thing given becomes a charity where the uncertainty of the recipients begins. This is beautifully illustrated in the Jewish law, which required the sheaf to be left in the field, for the needy and passing stranger." Fontain, Administrator de bonis non cum testamento annexo, etc., v. Ravenel, 17 How. 369, 384, 15 L. Ed. 80.

The rule of certainty here involved is not of the individual ultimately to be benefited, but of the class to be served and benefited by the charity. Woodroof et al. v. Hundley, 147 Ala. 287, 39 So. 907; Carter and Wife v. Balfour's Adm'r, supra; Russell v. Allen, 107 U. S. 163, 2 S. Ct. 327, 27 L. Ed. 397; Loring v. Marsh, 6 Wall. 337, 18 L. Ed. 802; 5 R. C. L. 298, § 10; Id. 309, §§ 24, 25.

██ Where the general purpose of the charity is defined by the instrument creating the trust, it is not affected by the fact that the selection of the particular beneficiaries is left to the trustee, or even to an agency not interested in the trust. Woodroof v. Hundley, supra; Minot v. Baker, 147 Mass. 348, 17 N.

E. 839, 9 Am. St. Rep. 713; 5 R. C. L. 311, § 27; 1 C. J. 342, § 60.

We find no reason to declare the bequest to St. Paul's Church, embodied in the Fourteenth paragraph of the will, void or unenforceable.

Paragraphs 9, 10, and 11 of the will devise certain property to "the Dallas Art League of Selma, Dallas County, Alabama," and the declared purpose of this bequest is "to further and foster the Art Spirit in Selma, Alabama; to provide a place for the exhibition of the works of art."

██ The great weight of authority supports the view that, if a gift is made expressly or by necessary implication for the public benefit, such bequest is a charity and is to be governed by the rules applicable to charitable trusts. Bequests to establish and maintain art galleries as a public benefit have been sustained as charities. Mason, Ex'r, v. Bloomington Library Association, 237 Ill. 442, 86 N. E. 1044, 15 Ann. Cas. 603; Almy, Administrator, v. Jones, 17 R. I. 265, 21 A. 616, 12 L. R. A. 414; 11 C. J. 319, § 22. We are of opinion that the gift to the Dallas Art League was intended as a public benefit, and must be sustained as a public charity.

The suggestion in the bill that the bequest to the Dallas Art League must fail because said league is nonexistent is of little force in the face of the record that it was made a respondent to the bill, has been served with process, and a decree pro confesso has been rendered against it, and that it has appeared by counsel and made motion to set this decree aside.

We are of opinion that the complainants have shown no such interest in the property, disposed of by these several bequests, as authorizes them to maintain the bill, and the only error committed by the trial court is that the bill was not dismissed as to all of the respondents. The decree in this respect is corrected, and as corrected will be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.