200 So. 109

### READ v. McLEAN et al.

6 Div. 764.

Supreme Court of Alabama.

Jan. 23, 1941.

Coleman, Spain, Stewart & Davies and Ralph B. Tate, all of Birmingham, for appellant.

502

Howze & Brown, of Birmingham, for appellees.

BROWN, Justice.

This appeal is from the final decree of the Circuit Court of Jefferson County, sitting in equity, entered in the process of the administration of the estate of Helen McLean, deceased, the administration of which had previously been removed into said court, interpreting the will of said Helen McLean.

The testatrix, by said will made the following bequests: "All money remaining in the hands of my executor after paying all lawful claims against my estate and my funeral expenses, I hereby give and bequeath the same to the amount of five hundred dollars to my brother Thomas McFadden McLean and five hundred dollars to Ruth Helen McLean daughter of Thomas McFadden McLean and five Hundred dollars to Edna Germain Gaunt. Five hundred dollars to Daniel Caten Germain my god-son and five hundred dollars to my sister Agnes McLean Germain. *Five hundred dollars to be used as a loan Schollarship by Dist. #1 of Ala. State Association and to be known as the Helen McLean Schollarship. Two hundred dollars to Norwood Alumnae of Norwood Hospital, to be used as a loan Schollarship.* Three hundred dollars to my maid Temie Mitchell, Colored, who has stood by me for these many years. The property at 208 Central, Street, Watertown, N. Y., to Maude McLean Read wife of L. A. Read. *The remainder to be used by my executor to be used for benevolent purposes at his discretion, or to the best* of his knowledge and belief."

The validity of the bequests italicized were questioned by the bill filed by the executor seeking its construction. The decree appealed from upheld all except the last bequest to wit: "The remainder to be used by my executor to be used for benevolent purposes at his discretion, or to the best of his knowledge and belief." This bequest the court held void for uncertainty. Whether or not the decree is sound in this respect is the sole question in the case.

There is nothing in the context of the will, or in the averments of the bill to indicate that the word "benevolent" is used other than in its ordinary meaning.

It is well settled that: "While the term 'benevolent' includes matters which are charitable, it is a broader term and includes matters which are not charitable. Accordingly, there is a distinction between benevolent purposes and charitable purposes, except where the two terms are obviously used synonymously, or where the distinction has been done away with by statute." 14 C.J.S., Charities, p. 441, § 12.

So also: "The only difference of opinion in the adjudged cases, on this subject, has been upon the question how far the word 'benevolent' when used to describe the purposes of a trust, could be deemed limited in its meaning by being associated with other words more clearly pointing to a strictly charitable disposition of the fund. While it is true that there is no charitable purpose which is not also a benevolent purpose, yet the converse is not equally true, for there may be a benevolent purpose which is not charitable, in the legal sense of the term." 10 Am.Jur. 640, § 77, i.e. p. 590.

All the preceding bequests in the will, other than to testatrix's relatives and her maid, are benevolent, and therefore the last can not with any show of reason be interpreted as a purely charitable trust. Our cases are clear on the point that where charitable purposes are mingled with other purposes, or where the terms used are so broad that they include both charitable and non-charitable purposes, the whole gift falls unless the class to be served and benefited by the bequest is certain. Moseley v. Smiley et al., 171 Ala. 593, 55 So. 143; Tarver et al. v. Weaver et al., 221 Ala. 663, 130 So. 209; Crim et al. v. Williamson et al., 180 Ala.

179, 60 So. 293, and authorities therein cited; 11 C.J. 330, § 45, 14 C.J.S., Charities, § 22.

The rule is otherwise as to purely charitable bequests. Kirwin, Adm'r v. Attorney General et al., 274 Mass. 34, 175 N.E. 164.

We are therefore in agreement with the conclusion expressed in the decree, which is here affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.