116 So.2d 572

STATE of Alabama ex rel. MacDonald GALLION, Attorney General,

v.

SIMONETTI, INCORPORATED.

6 Div. 481.

Supreme Court of Alabama.

Dec. 10, 1959.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

W. S. Pritchard, Jr., Victor H. Smith, Pritchard, McCall & Jones, Birmingham, for appellee.

GOODWYN, Justice.

The State, on the relation of the Attorney General, filed a bill of complaint in the circuit court of Jefferson County, in equity, against Simonetti, Inc., a corporation, seeking both a temporary and a permanent injunction against said respondent. The gravamen of the bill is that respondent, being engaged in the "wholesale" grocery business, has been making "retail" sales on which no sales tax has been paid; that respondent has failed and refused to file monthly sales tax returns in connection with such retail sales, as provided for in Code 1940, Title 51, § 756, as amended; that respondent "has not kept its books or records so as to show separately the gross proceeds of wholesale sales and the gross probama 1940"; that "each such violation of the sales tax law by the respondent * * * ceeds of retail sales as provided by § 757, as amended, Title 51, Code of Alabama 1940"; that "respondent will continue each such violation unless enjoined * * * as provided in § 777, of Title 51, Code of Alais detrimental to the State of Alabama and has caused and will continue to cause the State of Alabama to lose revenue to which it is lawfully entitled."

As to the temporary injunction, the bill prays that the respondent and its president and general manager, agents, servants and employees, be restrained "from continuing in the business of selling any tangible personal property at retail to consumers, and not for resale, during the pendency of this proceeding and until the matter is finally adjudicated."

It is prayed that, upon final hearing, a permanent injunction be granted "until said respondent shall have fully complied with the provisions of the Alabama sales tax law and shall have reported and paid to the complainant, State of Alabama, all of the sales tax due by it plus penalty and interest, as is required by law." There is also a prayer that respondent be ordered "to obtain a sales tax license from the State Department of Revenue, before making any other retail sales to consumers, not for resale, and require from it the monthly report and sales tax remittance, and records showing separately the gross proceeds of its retail sales, as each is required by the provisions of the Alabama sales tax law." There is also a prayer for general relief.

The bill was filed on June 10, 1959. On the same day an order was entered setting a date for hearing the application for temporary injunction, it being provided in the order that submission was to be on affidavits only. A hearing and submission were had on July 10, 1959. On September 4, 1959, the trial court rendered a decree denying the temporary injunction. On September 9, 1959, the State brought this appeal from that decree pursuant to Code 1940, Tit. 7, § 1057. The case was argued and submitted here on October 29, 1959.

It seems to be the State's position that the trial court, in denying the temporary injunction, acted arbitrarily and abused its discretion; that it is entitled, as a matter of right under its sworn bill and the affidavits submitted in the trial court, to have a temporary injunction issued in view of the provisions of § 777, Tit. 51, Code 1940, viz.:

"Any taxpayer who shall violate any of the provisions of this article may be restrained from continuing in business, and the proper prosecution shall be instituted in the name of the State of Alabama by its attorney general, by the counsel of the department or under their direction by any circuit solicitor of the state until such person shall have complied with the provisions of this article."

We are unable to agree with the State's insistence. It seems to us that the evidence before the trial judge, submitted in the form of contradictory affidavits, clearly presented a case for exercise by the trial court of its sound discretion in determining whether a temporary injunction should issue. We cannot say there has been an abuse of such discretion.

■ In substance, the affidavits disclose that respondent, during the years 1956 and 1957, made some retail sales subject to the sales tax. However, the assessment in connection therewith has been paid in full. The present suit concerns, specifically, sales contended by the State to constitute retail sales occurring between January 1, 1958 and February 1959. Apparently no assessment has been made in connection with these sales. It appears to be the State's position that the only way of dealing with respondent is by enjoining it. On the other hand, respondent, as shown by affidavits offered in its behalf, denies that it has made retail sales since January 1, 1958.

■■ It is an established principle that the granting or refusing of a temporary injunction rests largely within the discretion of the trial court, and that the relative convenience and inconvenience that may result to the parties by the issuance or denial of the writ may be taken into consideration. McLean v. Church of God, 254 Ala. 134, 138, 47 So.2d 257. And it has been stated that "an injunction, whether permanent or temporary, cannot, as a general rule, be sought as a matter of right, but the power to grant or refuse it rests in the sound discretion of the court, under the circumstances and facts of the particular case." Corte v. State, 259 Ala. 536, 542, 67 So.2d 782, 787; City of Mobile v. Farrell, 229 Ala. 582, 587, 158 So. 539; 43 C.J.S. Injunctions § 14, p. 420.

We think there is also another reason why it was not error to refuse the temporary injunction. It is to be noted that the prayer in this respect is that respondent be restrained "from continuing in the business of selling any tangible personal property at

retail to consumers, and not for resale, *during the pendency of this proceeding and until the matter is finally adjudicated."* This is different from the prayer for a permanent injunction which seeks to enjoin respondent until it "shall have fully complied with the provisions of the Alabama sales tax law and shall have reported and paid" to the State "all of the sales tax due by it, plus penalty and interest as is required by law." Thus it can be seen that the prayer for a permanent injunction conforms to § 777, Tit. 51, supra, while the prayer for a temporary injunction does not. To grant the prayer for a temporary injunction would preclude respondent from making any sales at retail until the case is finally adjudicated even though respondent should comply in every respect with the State sales tax law.

The decree denying a temporary injunction is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.