Decree affirmed and appeal dismissed, at costs of appellant.

------

# Appeal of George M. Seibert et al., Exrs. of James Bradley.

A bequest of money to "the pastor at N.," for masses for the repose of the testator's soul and for the repose of the souls of his relatives and of the souls of the faithful of his parish, is valid, and is to be interpreted and enforced in accordance with the will of the testator.

The person who was the Roman Catholic pastor at N. at the time of testator's death is entitled to the entire legacy in one sum, for the religious uses mentioned.

The executors are entitled to retain from such legacy the collateral inheritance tax thereon and pay it over to the proper officer.

(Decided October 4, 1886).

'Appeal by executors from a decree of the Orphans' Court of Blair County directing the payment of a legacy. Affirmed.

The appellants' testator, Rev. James Bradley, at the time of his death in April, 1884, was priest of the Roman Catholic

NOTE.—As to validity of bequests for masses, see editorial notes to Festorazzi v. St. Joseph Roman Catholic Church, 25 L. R. A. 360, and to Sherman v. Baker, 40 L. R. A. 717, presenting in full the authorities on that subject.

Church at Newry. Shortly after his death letters testamentary were granted to appellants, who were named as executors in his will.

May 5, 1884, Rev. Richard Brown presented his petition to the orphans' court of Blair county, setting forth that he was a creditor of Rev. James Bradley, deceased, who had died testate; that no account had been filed; and asked for a citation upon the executors, compelling them to exhibit an account. To this the executors filed an answer denying that petitioner was either a creditor or legatee, and further that they were not safe in paying the legacies in full because of a suit by the commonwealth claiming collateral inheritance tax on the legacies being then pending. After the final determination of this suit, petitioner again (October 15, 1885), presented his petition to the orphans' court, setting forth that he was a legatee of the testator; that the executors refused to pay his legacy, and prayed the court for a rule on executors to show cause why they should not pay his legacy, or award a citation commanding them to file an account. The court awarded the citation and depositions were taken. The material part of the will is set out in the opinion.

The petitioner, Rev. Richard Brown, had been associate pastor of the Catholic church at Newry for some years before the death of Father Bradley, and after his death, for some months, was sole pastor in charge. He alleged that under the terms of the will it was the intention of the testator that the legacy should be paid to him for the religious uses mentioned. The executors contend that it is payable at their discretion to the pastor at Newry in such sums as by their understanding the pastor earns it in saying the masses; that a fair compensation is $1 for each mass; that as Father Brown's pastorate ended in a few months after the testator's death, and as he could not have said the masses in that time, the legacy must now be paid to the present pastor of the church at Newry, as the masses are said, until the $1,000 is exhausted.

The court made the following decree: "We are of the opinion that the legacy of $1,000 vested in Rev. Richard Brown, pastor of the church at Newry at the date of the testator's death, and it is ordered that the executors pay the sum over to him to be by him used as directed in the will."

The executors appealed and assigned as error the action of the court in entering such decree.

*Samuel S. Blair* for appellants.

*Greevy & Doyle* and *Aug. S. Landis* for appellee.

OPINION BY MR. JUSTICE GORDON:

As in this country, from the very nature of its institutions, what was atone time known in England as superstitious uses have no recognition in our laws, and as all the various dogmas of the several Christian sects are to be treated with equal reverence and respect, a religious or charitable bequest, whether for the founding of a church or to purchase masses for the dead, must be regarded as valid, and is to be interpreted and enforced in such a manner as may best accord with the will of the testator.

In the case in hand, the Rev. James Bradley, by a codicil to his will, bearing date February 17, 1882, made, *inter alia,* the following bequest: "I also give and bequeath the sum of $1,-000, which my executor shall pay to the pastor at Newry, Blair county, for masses for the repose of my soul, and for the repose of the souls of my relatives, and the repose of the souls of the faithful of my parish."

Now, as this will, which was before ambulatory, became fixed and absolute on the death of the testator, it would seem to be an easy matter to determine the person to whom at that time, this bequest, of the sum of $1,000, belonged, since all we have to do is to ascertain the name of the person who was then the Roman Catholic pastor at Newry. The duty of the executor was imperatively fixed; he was required to pay "to the pastor at Newry," not one dollar, or ten, or five hundred, but the entire legacy, $1,000. As the learned judge of the court below has well said: "If he," the testator, "had intended that the sum of $1,000 should be doled out by his executors at $1 a mass, in their discretion, to whomsoever might in the years thereafter be pastor at Newry, it might be presumed he would have said so."

It will be observed that the gift is not to pastors as many, or as to a succession of such, but to one, the incumbent at Newry; so that the donee was as readily ascertained as though he had been designated by name. Nor is it at all unreasonable to suppose that, for the administration of this religious trust, the testator would select a fellow priest with whom he was acquainted, and in whom, doubtless, he had every confidence, rather than his executors who were but laymen. At all events, to them he did not confide this trust, but, as we have seen, limited their duty

to the paying over the bequest to the person indicated as his legatee. The collateral inheritance tax question can in no way impede the execution of the decree of the orphans' court, for the bequest must, of course, bear its own tax, and the executors, as agents for the commonwealth, are entitled to retain this tax and pay it over to the proper officer.

The decree is affirmed, at the costs of the appellants.