196
22 SC 72/372

# Finnen's Estate.

*Decedents' estates—Collateral inheritance tax—Charities—Taxation.*

The collateral inheritance tax upon a charitable bequest is not a tax within the meaning of the constitution and the act of assembly exempting from taxation purely public charities.

The collateral tax is not a tax upon the property or money bequeathed, but a diminution of the amount that otherwise would pass under the will, and hence that which the legatee really receives is not taxed at all. It is that which is left after the tax has been taken off.

There is a radical difference between the levying of a tax upon the specific property of a legatee after it has become vested in possession, and imposing a charge or tax upon the right to have the property by way of succession to the estate of a decedent.

Argued April 10, 1900. Appeal, No. 383, Jan. T., 1899, by Rt. Rev. M. J. Hoban et al., Executors of Rev. John Finnen, deceased, from decree of O. C. Luzerne Co., No. 78, of 1899, dismissing appeal from appraisement of collateral tax in estate of Rev. John Finnen, deceased. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from appraisement of collateral tax.

From the record it appeared that testator left real and personal property amounting to about $50,000, most of which was bequeathed to certain charities by name and to the Bishop of Scranton for charitable purposes. The appraiser appointed by the register of wills assessed a collateral tax against the charitable bequests. The executors appealed from the appraisement. The court dismissed the appeal.

*Error assigned* was decree dismissing appeal.

*Charles P. Bohan,* for appellants.—The commonwealth must clearly show not only that the persons against whom it claims are not of the exempted class, but that the estate of which the tax is alleged to be payable passed " to a person or persons, bodies corporate or politic, in trust or otherwise," within the meaning of those words as used in the act: Swann's Est., 12 Pa. C. C. R. 135 ; General Assembly v. Gratz, 139 Pa. 497 ; Del Busto's Est., 23 W. N. C. 111.

The tendency of the courts is to favor charities from taxation: White v. Smith, 189 Pa. 222.

*F. W. Wheaton,* for appellee.—The burden is on the party claiming the exemption, and exemptions are not favored and will not be inferred: Physick's Est., 2 Brewster, 180 ; Bank of Penna. v. Com., 19 Pa. 144 ; Com. v. Arrott Steam-Power Mills Co., 145 Pa. 69.

Collateral inheritance tax, so-called, is not a tax in the ordinary sense of the word, or the meaning of the constitution. It is rather in the nature of a taking or retention of a part of that which the state, if it saw proper, might claim and keep in toto: Mixter's Est., 10 Pa. C. C. R. 410 ; Strode v. Com., 52 Pa. 182 ; Com. v. Herman, 16 W. N. C. 210 ; Orcutt's App., 97 Pa. 179 ; Clymer v. Com., 52 Pa. 189.

The exemption from taxation of the property of an educational institution is not an exemption from the collateral inheritance tax: Barringer v. Cowan, 2 Jones Eq. (N. C.) 436 ; Miller v. Com., 27 Gratt. (Va.) 110.

OPINION BY MR. CHIEF JUSTICE GREEN, May 14, 1900 :

Conceding that the legacies in this case are all for charities, their liability to the tax upon collateral inheritances must be ad-

judged by the terms of the law upon that subject. The words of the Act of May 6, 1887, P. L. 79, Purdon's Digest, 305, are as follows: "All estates real, personal and mixed of every kind whatsoever situated within this state whether the person or persons dying seized thereof be domiciled within or out of this state, and all such estates situated in another state, territory or country, when the person or persons dying seized thereof, shall have their domicil within this commonwealth, passing from any person who may die seized or possessed of such estate either by will or under the intestate laws of this state, or any part of such estate or estates, or interest therein, transferred by deed, grant, bargain or sale, made or intended to take effect, in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to bodies corporate or politic, in trust or otherwise, other than to or for the use of father, mother, husband, wife, children and lineal descendants born in lawful wedlock, or the wife or widow of the son of the person dying seized or possessed thereof, shall be and they are hereby made subject to a tax of five dollars on every hundred dollars of the clear value of such estate or estates, and at and after the same rate for any less amount to be paid to the use of the commonwealth. All owners of such estates, and all executors and administrators and their sureties shall only be discharged from liability for the amount of such taxes or duties, the settlement of which they may be charged with, by having paid the same over for the use aforesaid, as hereinafter directed."

It is very manifest from the language of the statute, that the subject of the taxation enacted is the whole estate or interest that passes to the persons who are the recipients, and the duty imposed is five per cent of the whole amount, and there can be no discharge from liability for the amount of the same except by actual payment of the whole of the tax. There is no kind of exception, qualification, condition or reservation as to what it is that is the subject of the tax. It is the whole of the estate that passes. There is no exemption from the tax in favor of charities. That which the legatee gets and keeps is the aggregate sum bequeathed, less the amount of the tax. The tax must be retained by the person who has the decedent's property in charge. It is, therefore, not a tax upon the property or

money bequeathed, but a diminution of the amount that otherwise would pass under the will or other conveyance, and hence that which the legatee really receives is not taxed at all. It is that which is left after the tax has been taken off. It is only imposed once, and that is before the legacy has reached the legatee and before it has become his property. If the tax were a continuing charge imposed year by year after the ownership of the legacy has become vested in the legatee, there would then be room for the claim that it is free because of its charitable character. Being held for charitable purposes it would come within the description of property exempted from taxation for that reason. But it is quite clear that it cannot have the benefit of that privilege while it is in a state of transition and before it has become ultimately vested in the possession of the owner.

A very good illustration of this distinction is afforded in the case of Strode v. Commonwealth, 52 Pa. 181. It was held that the estate of a decedent composed of United States securities, passing collaterally, is liable to collateral inheritance tax. Distinctly and as United States securities they were exempt from taxation, but as assets which passed to collaterals they were not entitled to the exemption which pertained to them as part of the estate of the decedent who owned them. It was held, practically, that, while as bonds of the United States they were not subject to taxation, yet as assets passing to collaterals they were subject to the payment of the collateral inheritance tax. In the opinion of the court below which was affirmed with approval it is said, "Now this is not to be viewed as a tax assessed upon the estate of the decedent or of any one, but a restriction upon the right of acquisition by those who under the law regulating the transmission of property are entitled to take as beneficiaries without consideration. The state is made one of the beneficiaries. It lays its hands upon estates under such circumstances, and claims a share, and whether the share is exacted as a tax or duty or whatever else, or the machinery employed in levying an ordinary tax is adopted or not, it is of no consequence. . . . The act of the legislature is not liable to the imputation that it countenances the appropriation of private property for public use without consideration for the estate never vests without the charge." WOODWARD, C. J., delivering

the opinion of this court, said; "The law takes every decedent's estate into custody, and administers it for the benefit of creditors, legatees, devisees and heirs, and delivers the residue that remains after discharging all obligations, to the distributees entitled to receive it. . . . Now this five per cent tax is one of the conditions of administration, and to deny the right of the state to impose it, is to deny the right of the state to regulate the administration of decedent's goods. . . . The act operates on the residue of the estate after paying debts and charges, and, theoretically, that residue is always a balance in money."

In Orcutt's Appeal, 97 Pa. 179, holding the same doctrine, we said in the opinion: "The tax does not attach to the very articles of property of which the deceased died possessed. It is imposed only on what remains for distribution after expenses of administration, debts and rightful claims of third parties are paid or provided for. It is on the net succession to the beneficiaries and not on the securities in which the estate of the decedent was invested."

Enough has been said to show the radical difference between the levying of a tax upon the specific property of a legatee after it has became vested in possession, and imposing a charge or tax upon the right to have the property by way of succession to the estate of a decedent. The assignments of error are dismissed.

Decree affirmed and appeal dismissed at the cost of the appellants.