## Long's Estate.

*Taxation—Collateral inheritance tax—Legacy for care of cemetery lots.*

The collateral inheritance tax is properly imposed upon a legacy the interest of which is to be devoted to the care of two cemetery lots (one containing the remains of testatrix's father, the other the remains of her grandparents and other relatives), the repair of the various monuments in said lots, the construction of a new monument when the present one has passed beyond the condition for repair, and under certain contingencies for the purchase of new lots in another cemetery, and the removal of the remains of the testatrix and all her relatives with the several monuments.

Not decided whether a fund set apart by a testator to provide a perpetual revenue to be devoted to caring for and repairing his own tomb is subject to the collateral inheritance tax.

Argued Nov. 13, 1902.    Appeal, No. 120, Oct. T., 1902, by trustees of Lancaster cemetery from decree of O. C. Lancaster County, dismissing exceptions to report of auditors in the Estate of Catharine H. Long, Deceased.    Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Exceptions to report of John E. Malone and John Nauman, auditors.

From the record it appeared that the question involved was whether the collateral inheritance tax could be levied upon a legacy of $4,000, as to which testatrix directed as follows :

"Item. I give and bequeath to the trustees of the Lancaster cemetery, the sum of four thousand dollars in trust, to be by them safely invested in first mortgage security on property in the city of Lancaster, the interest thereof, or so much as may be needed, to be applied, as necessity may require, in keeping the cemetery lot of my father in the Lancaster cemetery, in good order and repair, and also for the repair of the monument or monuments which now are and hereafter may be erected in said lot, as well as the curbing surrounding the same.    And the trustees are further authorized to apply so much of the interest of said funds as in their judgment may be needed to keep in good order and repair the lot in said cemetery and the curbing surrounding the same, where rests the remains of my grandparents and other relations, as well as the tombs of said rela-

tions erected therein.   And as the monument erected over my father's remains is beginning to show signs of dilapidation from exposure to the elements, it is my desire that the interest of said fund not necessarily required for the purposes already specified, shall be allowed to accumulate in the hands of said trustees until the said monument over my father's remains shall be incapable of being put in good repair, and shall then be applied to the replacing of said monument with a granite monument of similar size and design.   And if at any time the Lancaster cemetery shall be removed from the city or be cut through by the opening of streets, then any accumulation of interest in the hands of said trustees and so much of the principal, if any, as may be required shall be applied to the purchase of lots in some other cemetery and the removal thereto of the remains of myself, my father and mother and other relations buried in the aforesaid lots of my father and grandfather, with the monuments therein and the curbs surrounding the same.

" Item.  I direct that my executors hereinafter named, or their successors, shall erect a granite monument over my remains of a style and size to correspond with that erected by me over my father's grave."

The auditors held that the legacy was subject to the tax.

Exceptions to the auditors' report were dismissed in an opinion by SMITH, P. J.

*Error assigned* was in holding that the legacy was subject to the collateral tax.

*W. U. Hensel*, with him *W. C. Rehm*, for appellants.—The legacy was not subject to the collateral tax: Socks's Est., 15 Pa. Superior Ct. 281; Strode v. Com., 52 Pa. 181; Orcutt's App., 97 Pa. 179; Tritt v. Crotzer, 13 Pa. 451; Wright's App., 38 Pa. 507; Finnen's Est., 196 Pa. 72.

*John W. Brown*, for appellee, cited: Strode v. Com., 52 Pa. 181; Orcutt's App., 97 Pa. 179; Finnen's Est., 196 Pa. 72.

OPINION BY W. D. PORTER, J., March 12, 1903:

The court below held liable to the collateral inheritance tax, imposed by the Act of May 6, 1887, P. L. 79, a legacy in the

sum of $4,000 bequeathed to the trustees of the Lancaster cemetery in trust to be safely invested, the interest thereof, or so much as might be needed, to be applied in keeping the cemetery lot of testatrix's father in the Lancaster cemetery in good order and repair, and to the repair of the monument or monuments now or hereafter erected in said lot and the curbing surrounding the same, and, also, to keep in repair and good order the lot in said cemetery and the curbing surrounding the same where the remains of testatrix's grandparents and other relations were buried, as well as the tombs of said relations upon said lot erected. The will further directed as to this trust fund that the interest not necessarily required for the purposes already specified, should be allowed to accumulate in the hands of said trustees, until the monument over her father's remains, which then showed signs of dilapidation, should become incapable of being put in good repair, when said accumulation should be applied to the replacing of said monument with a granite structure of similar size and design ; and in case the Lancaster cemetery should be removed from the city or be cut through by the opening of streets, then said accumulation of interest is to be applied to the purchase of lots in some other cemetery and the removal thereto of the remains of the testatrix and her relatives buried in the said lots of her father and grandfather, with the monuments thereon erected and the curbing around the same. Under the provisions of the act of 1887 all bequests are subject to the tax, unless they fall within some of the classes by the statute explicitly exempted. A bequest to a charitable use is not so exempted, and the tax must be deducted from the fund: Strode v. Commonwealth, 52 Pa. 181 ; Orcutt's Appeal, 97 Pa. 179; Finnen's Estate, 196 Pa. 72. The appellants contend that this bequest is to be considered as in the nature of funeral expenses of the testatrix, for the reason that the interest of the fund was to provide for the care of her last resting place. This contention lacks the support of the provisions of the will. True it is that in other clauses of the will the testatrix did direct that her body should be buried beside the grave of her father, and that her funeral should be conducted in a manner corresponding with her estate and station in life, and directed her executors to erect over her remains a monument of a style and size to correspond with that erected by her over her father's

grave. These provisions, with regard to her burial and the erection of a monument over her grave, were to be carried into effect by her executors, and the expenditure involved had to be borne by her general estate, not by the trust fund in question. The interest of the trust fund is to be devoted to the care of two separate and distinct cemetery lots, the repair of the various monuments in said lots, the construction of a new monument to her father when the present one has passed beyond the condition for repair, and under certain contingencies for the purchase of new lots in another cemetery and the removal of the remains of the testatrix and all her relatives with the several monuments. The lot in which the remains of the grandparents of testatrix were buried was entirely separate from that in which was the grave of her father, beside which the remains of the testatrix are to rest. The manifest intention of the testatrix was to provide a fund, the income of which should be devoted to caring for the last resting place of all her relatives; that this involved caring for her own grave was a mere incident of the general purpose. Whether a fund set apart by a testator to provide a perpetual revenue to be devoted to caring for and repairing his own tomb is subject to the tax imposed by the statute is a question which can be decided when it arises. This case does not present that question.

The decree is affirmed.