O'Donnell's Estate.

*Will—Charitable bequest—Masses for repose of soul—Act of April 26, 1855, P. L. 328.*

While a gift to a legatee by name will not be held to be for a religious or charitable use merely from the professional character of the legatee, yet if it was to him in such character and for such use, the fact that it was to him absolutely and by name will not protect it from the operation of the act of 1855.

A devise and bequest of an estate to "Rev. Richard Kennahan, or his successor of the St. Matthew's Church of Conshohocken, Pennsylvania, for the purposes of saying masses for myself, my now wife Ellen, and my deceased wife, Mary," is a charitable gift, and if made within thirty days from the death of the testator, void under the Act of April 26, 1855, P. L. 328.

Argued Feb. 1, 1904. Appeal, No. 260, Jan. T., 1903, by Richard Kennehan, from decree of O. C. Montgomery Co., May T., 1903, No. 23, awarding citation in estate of Terrence O'Donnell, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for citation.

The testator by his will left the income of two thirds of his estate unto his wife Ellen, and the income of the remaining one third to his son, Richard W., and then provided :

"Item—And after the death of my said wife and son I give, devise and bequeath all of my estate to Rev. Richard Kennahan, or his successors of the St. Matthew's Church, of Conshohocken, Pennsylvania, for the purpose of saying masses for myself, my now wife Ellen, and my deceased wife Mary."

Testator died within thirty days from the making of his will.

Richard W. O'Donnell, the son of the testator, filed a petition praying for a citation on the trustee under his father's will to file an account, and to pay over to petitioner one third of the whole estate absolutely. The court in an opinion by SOLLY, P. J., entered a decree awarding a citation.

*Error assigned* was decree awarding citation.

*Henry M. Tracy*, for appellant.

*E. L. Hallman*, for appellee.

PER CURIAM, April 18, 1904:

The contention of the appellant that the bequest was a personal one to him as compensation for services to be rendered, and therefore not within the act of 1855, cannot be sustained. The bequest it is true is to him by name, but it is plainly to him not as an individual, but by virtue of his office for the words are " to Rev. Richard Kennahan, or his successor, of St. Matthew's church," and " for the purposes of saying masses " for testator and his wife. It thus appears that the bequest is to appellant not only as priest of the church named, but also for a specific use and is thus charged with a trust. While therefore under the rules of the church as set forth in appellant's answer to the petition the money when earned might become the absolute property of appellant to be spent as he pleased, yet it can only be earned by the execution of the trust, to wit: the performance of the duties imposed by the testator's will.

These duties are clearly a religious use within the act of 1855. The case is not distinguishable in this respect from Rhymer's Appeal, 93 Pa. 142, where it was said by the late Chief Justice STERRETT, " the testator has clearly declared the use or purpose to which his bequest shall be applied. It is to be expended in masses for the benefit and repose of his soul. While this may not be regarded as a charitable use within the accepted meaning of the word, it is certainly in every proper sense of the term, and according to the obvious intendment of the act, a religious use."

The case of Hodnett's Estate, 154 Pa. 485, cited by appellant is not at all in conflict with the views now expressed. In that case while the bequest was to the pastor of a church there was, as said in the opinion, " nothing in the will to indicate that the bequest is or ever was intended to be in trust for any religious or charitable use ; nor is there, dehors that instrument, a scintilla of evidence of any such trust," and it was shown that the legatee was not present at the making of the will, nor had any communication with the testator relative to the bequest or testator's wishes in regard to it, thus negativing the existence of any secret trust. What was decided in that case is that in the absence of any evidence in or dehors the instrument, the law will not infer a trust for religious use

merely from the professional character of an individual legatee, though it might if the legatee were an artificial body having but one character and that religious or charitable, citing 1 Jarman on Wills, 193, "a gift will not be deemed charitable merely from the nature of the professional character of the devisee." In the present case as already said the bequest was not only to the appellant or his successor as pastor of the church but express direction was given that it should be applied to a specific religious use. That brought it clearly within the prohibition of the statute.

Decree affirmed.