## Nead's Estate.

*Taxation—Collateral inheritance tax—Masses—Will.*

A bequest of money for the solemnization of masses for the repose of the soul of testator or others is subject to the collateral inheritance tax. This is the case although no particular priest is mentioned to whom the money is to be paid.

Argued Oct. 14, 1913. Appeal, No. 60, Oct. T., 1913, by Susannah E. Nead, from decree of O. C. Phila. Co., Oct. T., 1912, No. 353, dismissing exceptions to adjudication in Estate of William J. Nead, deceased. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Superior Court states the case.

*Error assigned* was exceptions to adjudication.

*William Gorman*, with him *Leo J. Gorman* and *John F. Gorman*, for appellant, cited: Finnen's Est., 196 Pa. 72; Swann's Est., 30 W. N. C. 479.

*William M. Boenning*, for appellee, cited: Long's Est., 22 Pa. Superior Ct. 370; Finnen's Est., 196 Pa. 72.

OPINION BY RICE, P. J., February 20, 1914:

The will of the testator contained this clause: "I direct my executor as soon as possible after my death to expend the sum of two thousand dollars free and clear of collateral inheritance tax for the purpose of having two thousand low masses read for the repose of my soul." Upon the adjudication of the account of the executrix, the commonwealth claimed, and the auditing judge allowed, collateral inheritance tax upon $2,000 which the account showed had been paid for masses in accordance with the foregoing provision of the will. From the decree dismissing her exceptions and confirming the adjudication, the sole residuary legatee, who was also executrix, took this appeal.

The validity of a testamentary provision for the solemnization of masses for the repose of the soul of the testator or others is not questioned and is not open to doubt in Pennsylvania. As was said in Seibert's App., 18 W. N. C. 276, s. c., 3 Sadler, 412, a religious or charitable bequest, whether for the founding of a church or for the solemnization of masses for the dead, must be regarded as valid, and is to be interpreted and enforced in such manner as may best accord with the will of the testator. And in Rhymer's App., 93 Pa. 142, it was declared, with respect to a bequest to a church of a sum to be expended for masses for the repose of the soul of the testator, that "while this may not be regarded as a charitable use within the accepted meaning of the word, it is certainly in every proper sense of the term, and according to the obvious intendment of the act (Act of April 26, 1855, P. L. 328), a religious use." Accordingly, it was held that, the will having been made within thirty days of the testator's death, the bequest was void under the act. In O'Donnell's Est., 209 Pa. 63, there was under consideration the testator's gift of

his entire estate to the priest, naming him, of a certain church, or his successor, "for the purpose of saying masses for myself" and other persons named. The appellant's contention, that the bequest was a personal one to him as compensation for services to be rendered, and therefore not within the act of 1855, was not sustained, the court saying, after referring to the terms of the will: "It thus appears that the bequest is to appellant not only as priest of the church named, but also for a specific use and is thus charged with a trust. While therefore under the rules of the church as set forth in appellant's answer to the petition the money when earned might become the absolute property of appellant to be spent as he pleased, yet it can only be earned by the execution of the trust, to wit, the performance of the duties imposed by the testator's will. These duties are clearly a religious use within the act of 1855." While the last two cases do not involve the construction or application of the collateral inheritance tax law, they are pertinent as showing the nature and quality of a testamentary disposition of money or property for the purpose of having masses solemnized for the repose of the soul of the testator or others. According to these authorities, it is not merely a setting apart of property as compensation for services to be performed, as for example, writing a history of the testator's life, but is a gift to a religious use. And we entertain no doubt that such construction of the testamentary provision under consideration, that is, that it is a bequest for a religious use, is in accord with the actual personal intent of the testator. Therefore, though the persons who were to solemnize the masses were not named by the testator, the trust would not be permitted to fail on that account. But it is not necessary in the present case to resort to the statute relating to the disposition of property for religious or charitable uses in order to sustain the trust. There is no indefiniteness in the will as to the amount to be expended, or as to the purpose

for which it was to be expended, or as to the person who was to expend it. Having empowered and directed his executrix to expend the money for the purpose stated, and having put no restriction on her as to the persons by whom the masses should be solemnized, the discretionary power of the executrix as to these matters is implied. So far as liability of the amount of the bequest to the collateral inheritance tax is concerned, it is not perceived that the fact that the selection of the priest was left to the discretion of the executrix distinguishes the case from one where, as in Seibert's App., the testator directed his executor to pay a certain sum to a certain priest, naming him, "for masses for the repose of my soul." In either case a part of the estate of which the testator died seised passes by will to a person other than those excepted from the act; and this brings it within the letter and the spirit of the Act of May 6, 1887, P. L. 79, as uniformly construed. Thus, in Long's Est., 22 Pa. Superior Ct. 370, it was said: "Under the provisions of the act of 1887 all bequests are subject to the tax, unless they fall within some of the classes by the statute explicitly exempted. A bequest to a charitable use is not so exempted, and the tax must be deducted from the fund: Strode v. Com., 52 Pa. 181; Orcutt's Appeal, 97 Pa. 179; Finnen's Est., 196 Pa. 72." There is certainly no express exemption of bequests in trust to expend for masses, as the learned judge well says, and we can discover no ground upon which an implication of legislative intent to exempt them can be safely rested. That they are liable to the tax was expressly recognized by the Supreme Court in Seibert's App., 18 W. N. C. 276, where Justice GORDON said: "The collateral inheritance tax question can in no way impede the execution of the decree of the orphans' court, for the bequest must, of course, bear its own tax, and the executors, as agents for the commonwealth, are entitled to retain this tax and pay it over to the proper officer." It is said that this is dictum, not required by anything

in the case before the court, and therefore is not a binding precedent.  Conceding this to be so (for it is true that the report of the case does not clearly show how the question arose), it is nevertheless to be respected because of the source from which it comes, and also because it is not in conflict with any decision of the court in which the precise question arose, and is in accordance with principles recognized and applied in analogous cases.

The decree is affirmed at the costs of the appellant.