## Loughran's Estate.

*Wills—Religious uses—Gift to priest for masses for repose of testator's soul—Act of April 26, 1855.*

A gift to a priest for masses for the repose of testator's soul is a gift to a religious use, and, under the Act of April 26, 1855, P. L. 328, 332, is void if the testator dies within sixty days of the execution of the will.

Exceptions to adjudication. O. C. Phila. Co., April T., 1902, No. 258.

Second and final account of the Land Title and Trust Company, administrator *d. b. n. c. t. a.*

It appeared from the adjudication that Bridget Loughran died March 29, 1902, unmarried and without issue, leaving a will dated March 24, 1902, duly admitted to probate, which contained the following relevant clause: "I give and bequeath to the Rev. P. J. Flaherty the sum of Five Hundred dollars for masses to be offered for the repose of my soul."

The will further contained a residuary clause in favor of testatrix's collateral relatives.

The auditing judge, Gest, J., upon the authority of Rhymer's Appeal, 93 Pa. 142, held that the gift for masses was void under the Act of April 26, 1855, P. L. 328, 332, by reason of testatrix's death within thirty days, as there was no alternative gift in case of her death within the statutory period.

*Michael Francis Doyle*, for exceptant; *H. A. Hoefler*, contra.

LAMORELLE, P. J., Oct. 20, 1922.—We see no difference in principle between a bequest to a church of a sum of money to be expended in masses for the benefit and repose of one's soul (Rhymer's Appeal, 93 Pa. 142) and a legacy to a priest, by name, "for masses to be offered for the repose of my soul," which is the present case. Counsel for the exceptant has failed to convince us that there is a distinction to be drawn; in fact, in O'Donnell's Estate, 209 Pa. 63, a bequest to a priest by name, or his successor, for such purpose was

Loughran's Estate.

held to be a "charitable gift," and void because the will had been executed within thirty days of testator's death.

We, therefore, dismiss the exceptions and confirm the adjudication absolutely.