# DARCEY v. O'BRIEN.
## No. 5611.

Court of Appeals of the District of Columbia.
Argued Feb. 9, 1933.
Decided May 1, 1933.

Rehearing Denied May 19, 1933.

VAN ORSDEL and GRONER, Associate Justices, dissenting.

Sefton Darr, George Monk, James O'D. Moran, all of Washington, D. C., for appellant.

Norman B. Landreau, Lambert O'Donnell, and Thomas W. O'Brien, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District holding that the residuary clause of the will of Stephen J. McArdle, deceased, created a charitable trust capable of being carried out in accordance with the directions contained therein.

Stephen J. McArdle, a resident of the District of Columbia, died on the 17th day of February 1926, leaving a will dated April 26, 1924, which was admitted to probate as a will of real and personal property.

The residuary clause reads as follows: "All the remaining money that is left I give and direct my said Trustee, and Executor, Clarence I. Gessford, to distribute by him to the patients in Walter Reed Hospital in said District. The worst cases to receive the most money. The other patients to receive so much in regards to their ailments."

Mr. Gessford qualified as executor and died in November, 1926, when James P. McArdle, brother of testator, was appointed administrator d.b.n., c.t.a. He died on January 17, 1929, and Mrs. Margaret A. Darcey (sister and sole remaining heir at law and next of kin of testator) was substituted in his place. She filed her first and final account as administratrix d.b.n., c.t.a., which account showed a residue, after payment of several small bequests, of approximately $6,000. That amount she delivered to Thomas W. O'Brien, who had been appointed substitute trustee. Mrs. Darcey on November 22, 1930, filed her petition herein to have declared void the above bequest.

The answer of the trustee stated that "he is most willing and desirous of carrying out" the provisions of the will, "but because of the facts and circumstances herein and hereby set forth (referring to the report of the Surgeon General of the Army as to the number and type of patients at the hospital), he is unable to make distribution of the funds in hand in the absence of specific directions and instructions" from the court.

According to the agreed statement of facts, based upon reports of the Surgeon General of the Army, the average number of patients at Walter Reed Hospital is about 1,000, composed of officers, enlisted men, civilian Veterans' Bureau beneficiaries, and civilians.

In our opinion, the residuary clause under examination constitutes a gift to a charitable use. Columbian University v. Taylor, 25 App. D. C. 124, affirmed 226 U. S. 126, 33 S. Ct. 73, 57 L. Ed. 152; Perry on Trusts and Trustees (7th Ed.) § 687; 11 C. J. 315, § 19. The Statute of Elizabeth (43 Eliz. c. 4) names twenty-one charities, among which is the "maintenance of sick and maimed soldiers." [1] While the statute is not operative in

---

[1] See Perry on Trusts and Trustees, par. 692.

the District of Columbia, courts have consistently considered all the objects listed in that statute as charitable. Ould v. Washington Hospital, 95 U. S. 303, 310, 24 L. Ed. 450. In Kain v. Gibboney, 101 U. S. 362, 365, 25 L. Ed. 813, the court, speaking of the bequest there being considered (which it held invalid), said: "There is nothing in the will to show that aid to the poor, or aid to learning, or aid to religion, or *to any humane object* was intended." (Italics ours.)

In determining whether the bequest is void for uncertainty and impossibility of fulfillment, we must have in mind that "charitable uses are favorites with courts of equity," and that "the construction of all instruments where they are concerned is liberal in their behalf." Ould v. Washington Hospital, 95 U. S. 303, 313, 24 L. Ed. 450. And in the Columbian University Case (25 App. D. C. 124, 131) this court quoted with approval from 2 Pom. Eq. Jur. § 1025, as follows: "One of the distinguishing elements of a 'charitable' as compared with an ordinary trust consists in the generality, indefiniteness, and even uncertainty which is permitted in describing the objects and purposes of the beneficiaries. From the very definition of a 'charitable trust' the beneficiaries are always an uncertain body or class; but the doctrine goes further than this. If the donor sufficiently shows his intention to create a charity, and indicates its general nature and purpose, and describes in general terms the class of the beneficiaries, the trust will be sustained and enforced, although there may be indefiniteness in the declaration and description, and although much may be left to the discretion of the trustees." In Russell v. Allen, 107 U. S. 163, 167, 2 S. Ct. 327, 330, 27 L. Ed. 397, the court, after stating that trusts for charitable purposes are upheld under circumstances where private trusts would fail, declared that, "if the founder describes the general nature of a charitable trust, he may leave the details of its administration to be settled by trustees under the superintendence of a court of chancery."

The general nature of the trust under consideration was the relief of the patients in Walter Reed Hospital at the time of distribution, and the testator must have known that no distribution could be made until the amount of the residuary estate should be ascertained. That the amount to be distributed to the individual patient may be comparatively small is of no consequence, for the principle is the same whether the amount be large or small. We think the testator, by providing that "the worst cases to receive the most money; the other patients to receive so much in regards to their ailments," intended to clothe the trustee with discretion, in the administration of the trust, to favor those patients who most needed assistance. Evidently the will was written by the testator, who, as frequently happens in such cases, used inartificial language to express his intent. That he intended a gift to a charitable use is plain. That "neither law nor public policy forbids" (Ould v. Washington Hospital, 95 U. S. 303, 311, 24 L. Ed. 450) is equally plain. Therefore the decree is affirmed.

Affirmed.

VAN ORSDEL and GRONER, Associate Justices, dissent.