## SEDGWICK v. NATIONAL SAVINGS & TRUST CO. et al.

### No. 8223.

United States Court of Appeals for the District of Columbia.

Argued June 9, 1942.

Decided July 13, 1942.

Mr. Nicholas J. Chase, of Washington, D. C., with whom Messrs. William E. Leahy and William J. Hughes, Jr., both of Washington, D. C., were on the brief, submitted the case on the brief for appellant.

Messrs. Benjamin S. Minor, Arthur P. Drury, and John E. Powell, all of Washington, D. C., submitted the case on the memorandum for appellee National Savings & Trust Co.

Mr. Percy H. Russell, Jr., of Washington, D. C., with whom Messrs. Hammond E. Chaffetz and James A. Norman, both of Washington, D. C., were on the brief, for appellee Catholic Bishop of Chicago.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

GRONER, C. J.

By the terms of Item III of his last will, George F. McNichols, deceased, a resident of the District of Columbia, provided as follows:

"Item III. All of the rest, residue and remainder of my estate and property, of whatsoever character, whensoever acquired and wheresoever situate, including all estate and property to or in which I shall have any right, title, claim or interest whatsoever at the time of my death, I give, devise and bequeath, in fee simple and in absolute estate, unto the Holy Name Cathedral, State and Superior Streets, Chicago, Illinois, for masses for the repose of my soul."

Appellant, a niece of testator, filed her complaint in the court below to obtain a construction of the foregoing clause of the will. In her complaint she alleged: "Your petitioner is uncertain as to whether or not said Item III is impossible of administration and therefore void, and because of such doubt, she asks that the same be construed by this Court." The executor filed an answer, alleging that the residuum consisted of some five or six thousand dollars in money and that the Holy Name Cathedral is an unincorporated religious society constituting a part of the diocese of the Catholic Bishop of Chicago, and is under the Bishop's jurisdiction and control; that it owns no property in its own name, but that all its property, including legacies and bequests to it, is held in the name of the Catholic Bishop of Chicago for the use of the cathedral. The Bishop filed an answer in which he alleged that he is "a corporation sole", organized under a special act of the legislature of Illinois, and as such owns and controls all Catholic churches within the limits of the Archdiocese of Chicago; that the cathedral is a Catholic church located within the limits of the Archdiocese and is owned and controlled by him in his corporate capacity. He further alleged that the cathedral "in the minds of the public and certainly in the minds of those of the Catholic faith, is associated with the Catholic Bishop of Chicago"; and that, under the rules and regulations of the Catholic church, a devise or bequest to one of the churches or one of the parishes within the Archdiocese is, in effect, a devise and bequest to the Bishop of Chicago, a corporation sole.

The District Court found the facts to be as stated in the answers of the executor and the Bishop, and concluded as a matter of law that Item III of the will is not ambiguous but created a valid charitable trust; that the Bishop is the legal entity entitled to receive and hold the property bequeathed and to administer the same for the benefit of the cathedral. Summary judgment was entered accordingly.

On this appeal the principal point urged is that the bequest is void for uncertainty, though it is also insisted that, without regard to this, the court below was, in the circumstances, without power to enter summary judgment.

■ We have no doubt that a trust for the saying of masses for one's soul or for the souls of others—if otherwise valid—is good as a charitable trust. Matter of Kavanaugh's Will, 143 Wis. 90, 126 N.W. 672, 28 L.R.A.,N.S., 470; Re Estate of Hamilton, 181 Cal. 758, 186 P. 587; Hoeffer v. Clogan, 171 Ill. 462, 49 N.E. 527, 63 Am.St.Rep. 241; Gilmore v. Lee, 237 Ill. 402, 86 N.E. 568, 127 Am.St.Rep. 330; Coleman v. O'Leary's Executor, 114 Ky. 388, 70 S.W. 1068; Obrecht v. Pujos, 206 Ky. 751, 268 S.W. 564; Re Schouler, 134 Mass. 426; Webster v. Sughrow, 69 N.H. 380, 45 A. 139, 48 L.R.A. 100; Kerrigan v. Tabb, N.J.Ch., 39 A. 701; Moran v. Kelley, 95 N.J.Eq. 380, 124 A. 67, affirmed 96 N.J.Eq. 699, 126 A. 924; In re Morris, 227 N.Y. 141, 124 N.E. 724; Rhymer's Appeal, 93 Pa. 142, 39 Am.Rep. 736; O'Donnell's Estate, 209 Pa. 63, 58 A. 120.

Professor Bogert states the general rule as follows: "In nearly all American states where the question has arisen a trust to spend capital or income for masses for the soul of the testator, or his relatives, or the souls of other definite persons, or the souls of a class of deceased persons, or the souls of the deceased indefinitely, no matter of what duration the trust may be, will undoubtedly be upheld as a charitable trust for religious uses." Bogert, Trusts and Trustees, Vol. 2, § 376, p. 1191.

■ Counsel for appellant do not contest this proposition, but insist that the bequest involved here is void because the Holy Name Cathedral is an unincorporated body and that therefore it is impossible for the court to determine whether the bequest is to the church building or to the Catholic Bishop of Chicago who, as a corporation sole, has title thereto. On this premise, they further argue that there is no possibility of certainty as to who should say the masses—whether the priests of the cathedral or the Bishop—and that this uncertainty is naturally an uncertainty as to the trust itself. But we think this construction would be straining the universal rule in relation to charitable trusts. It is enough if the donor sufficiently describes the nature and purposes of the trust, and in general terms the class of beneficiaries. In Darcey v. O'Brien, 62 App.D.C. 151, 65 F.2d 599, we said, following Russell v. Allen, 107 U.S. 163, 2 S.Ct. 327, 330, 27 L.Ed. 397, "if the founder describes the general nature of a charitable trust, he may leave the details of its administration to be settled by trustees under the superintendence of a court of chancery."

In the instant case the Bishop says that it was the intention of testator, he being of the Catholic faith and knowing the rules and regulations of the church, to make a bequest to the Bishop as trustee, the trust res to be distributed by him to those priests of the cathedral who were to say masses for the repose of testator's soul. In addition to this, it happens in this case that the Bishop is the pastor of the particular church to which the bequest is made. Considered, therefore, from the viewpoint of intent on the part of testator, it is clear that the bequest is, in effect, one to the Bishop, as trustee. But even if this were otherwise, such a trust will not be held void because of failure by the testator to designate a trustee. In such a case, the omission will be supplied by the court by appointment. Precisely this was held in Burke v. Burke, 259 Ill. 262, 102 N.E. 293, 296. There, as here, it was contended that the parish to which the bequest was made was an unincorporated association incapable of receiving as grantee or acting as trustee, and that consequently the gift could not be sustained as a charitable trust. Dismissing this contention, the court said: "Where a gift is made to a charitable use and no donee is named, or the donee named is incapable of taking the property, the gift will not fail, but a court of equity may appoint a trustee to carry out the charitable purposes."

This, we believe, is the rule in all but one or two States in which, by statute, a different rule is applicable. See Russell v. Allen, supra, and Scott, Trusts, Vol. 1, Sec. 97; Vol. 3, Sec. 397.2 for a full discussion of the subject; see, also, Hoeffer v. Clogan, supra; Darcey v. O'Brien, supra; Burke v. Burke, supra; In re Kavanaugh's Will, supra; In re Semenza's Will, 159 Misc. 487, 288 N.Y.S. 556; Tarver v. Weaver, 221 Ala. 663, 130 So. 209; McDole's Estate, 215 Cal. 328, 10 P.2d 75; Brinsmade v. Beach, 98 Conn. 322, 119 A. 233; Matter of Winburn's Will, 139 Misc. 5, 247 N.Y.S. 584; Matter of Patterson's Estate, 139 Misc. 872, 249 N.Y.S. 441.

In the case under consideration the intention to create a charitable trust is clear, the purpose of the trust is definite and certain, and the church in which the masses are to be said is designated. In the circumstances, we think the court below was clearly right in holding that Item III of the will creates a valid charitable trust.

Nor do we think there is any substance to the objection that summary judgment for appellees was improperly entered, for there was no genuine issue of fact in the case.

So much of the order as directs the payment of the legacy to the Catholic Bishop of Chicago, a corporation sole, for the Holy Name Cathedral, will be amended by inserting after the words "a corporation sole" the words "as trustee", so that the order to the executor will require the payment of the legacy to the Bishop of Chicago as trustee for the Holy Name Cathedral.

Affirmed as amended.