## Harrigan Estate

*Edward A. O'Neill*, accountant, p. p.

*Irvin Stander*, Special Assistant Attorney General, and *Louis Marion*, for Commonwealth.

KLEIN, P. J., January 30, 1963.—Katharine Harrigan, also known as Katherine Harrigan, died on April 24, 1962, unmarried and without issue, leaving a will, which was admitted to probate on April 30, 1962, when letters testamentary were granted. Proof of advertisement thereof was produced to the auditing judge.

By her will, testatrix bequeathed numerous pecuniary legacies, the details of which need not be recited at this point in the adjudication, as the same will appear in more specific detail hereinafter. Her residuary estate she devised and bequeathed in equal one-fifth shares to the Catholic Foreign Mission Society of America, Inc., The Catholic Church Extension Society of the United States of America, Society of the Fathers of St. Edmund and Society of the Priests of Saint Sulpice, for masses for the repose of the souls of deceased members of her family and herself, and one-fifth to the Home for the Aged (under the charge of the Little Sisters of the Poor), with further provisions which it does not appear necessary to recite at this point, as

the same will be the subject of further discussion here-inafter, and a copy of the will, certified by counsel to be a true and correct copy, is annexed hereto.

John, Patrick, Monica, Mary Louise and Shelia Mc-Laughlin, Leslie Stephen, Debra Ann and Gregory George Wright and Patricia Harrigan, legatees of $100, each, are all minors and, as requested in the statement of proposed distribution, their legacies will be awarded to their respective parents, under the provisions of section 1001 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended.

All other parties in interest appear to be living and of age and are stated to have had notice of this audit.

Testator gave legacies of $200 each to the following four societies: The Catholic Foreign Mission Society of America, Inc. (Maryknoll Fathers), The Catholic Church Extension Society of the United States of America, The Society of the Fathers of St. Edmund and the Society of the Priests of Saint Sulpice. Each of the legacies were given "free and clear of inheritance tax, as an offering for one hundred (100) masses for the happy repose of my soul". The residue of the estate was given in equal one-fifth shares to the Home for the Aged (under the charge of the Little Sisters of the Poor) and to the four societies above designated. The gift to the Home for the Aged was outright, without any restrictions, conditions or limitations. The other four gifts were each made: "as an offering for Masses for the happy repose of the souls of the deceased members of my family and myself. The offering for each mass is to be two dollars."

Since the pecuniary legacies, as well as the gifts of residue were to charities, the executor applied for exemptions from Pennsylvania Transfer Inheritance Tax for all of them under the provisions of section 302 of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, which provides:

"Section 302. Charities.—Transfers of property to or for the use of any of the following are exempt from inheritance tax:

"(1) Any corporation, unincorporated association or society organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legislation;". . .

The Department of Revenue granted the exemption for the legacy to the Home for the Aged, but, at first, denied it for the other legacies, taking the position that since all of these gifts were for the express purpose of offering masses, these exemptions should be claimed as deductions, subject to the test of "reasonable amount", under section 617, which provides:

"Section 617. Bequests for Religious Services.—Bequests in reasonable amounts for the performance or celebration of religious rites, rituals, services or ceremonies, in consequence of the death of the decedent, shall be deductible."

Pursuant to regulations adopted by the Department of Revenue relating to charitable exemption certificates, the accountant therefore requested the court to pass upon the question of these claims for exemption.

At the audit, however, Mr. Stander, Special Assistant Attorney General, stated that, subsequent to the ruling by the revenue department in this case, upon the advice of the attorney general's office, the department has modified its position and now concurs in the accountant's views in all respects. The auditing judge, after a careful study of the matter, has reached

the conclusion that this interpretation of the statute, is correct, for the following reasons:

Exemptions for gifts to charities from the application of transfer inheritance taxes are new in this State. All gifts for religious or charitable uses were formerly taxable at the rate applicable to transfers to collaterals in effect at the date of death of the person from whom they passed. See Gilbert, Pennsylvania Inheritance Taxation, page 272. An exception was made to this general rule by the Act of July 9, 1919, P. L. 794, which exempted from the tax "all estates in any buildings, ground, books, curios, pictures, statuary or other works of art, passing by will . . . for the sole use of the public by way of free exhibition within the State of Pennsylvania, whether in trust or otherwise."

A general exemption for religious, charitable, scientific, literary, educational and other designated eleemosynary purposes was enacted by the legislature, for the first time, by the Act of May 28, 1956, P. L. 1757, amended by the Act of July 11, 1957, P. L. 821. This exemption was reenacted in the Inheritance and Estate Tax Act of 1961, which is applicable to the present case, testatrix having died April 24, 1962.

A trust for the saying of masses for the soul of the settlor or of other persons is charitable, since the religious benefit to be derived from the saying of such masses is, according to the doctrines of the Roman Catholic Church, not confined to the particular souls but extends to the other members of the church and to the rest of the world: Restatement, Trusts, §371, comment G. Gifts for masses have been upheld as charitable trusts for religious uses in nearly all American states where the question has arisen: Bogert, Trusts and Trustees, §376. This is the rule in Pennsylvania. See O'Donnell's Estate, 209 Pa. 63 (1904) ; Rhymer's Appeal, 93 Pa. 142 (1880) ; Appeal of Seibert and

Bradley, Executors, 18 W. N. C. 276 (1886). Such gifts, however, were taxable in the same manner as other charitable gifts: Nead's Estate, 55 Pa. Superior Ct. 573 (1914) ; Duffy Estate, 2 D. & C. 2d 250 (1954). This has now been changed, and it seems clear that gifts for masses, being proper charitable trusts, made to charitable organizations, are exempt from the imposition of transfer inheritance taxes under the provisions of section 302 of the 1961 Act, supra.

The original position of the Department of Revenue in denying the exemption for all of the gifts in question to the four named charities, unless the amounts of the gifts pass the test of reasonableness under section 617 of the act, was clear error.

Article IV, sec. 51, of the Statutory Construction Act of May 28, 1937, P. L. 1019, states that "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions." In its first approach to this question the Department of Revenue obviously failed to observe this legislative mandate. The Inheritance and Estate Tax Act of 1961 must be read in its entirety, as a single instrument, to ascertain the legislature's intention. Since gifts to "any corporation, unincorporated association or society organized and operated exclusively for religious . . . . purposes . . ." are wholly exempt under section 302, it is obvious that the legislature intended section 617 to apply only to bequests for religious purposes to non-charitable legatees. To hold otherwise would completely negate the clear and unequivocal language of section 302.*

In the present case, all of the bequests for masses are to named religious organizations and therefore

---

* For an interesting discussion of this question generally, see Grossman and Smith Pennsylvania Inheritance and Estate Tax, p. 319.

exempt from tax, regardless of the amount of the gifts. Consequently, there is no need to resort to section 617, and the test of the "reasonable amounts" of the bequests is not applicable.

Section 302 of the Pennsylvania Act is patterned after and adopts substantially the language of section 812(d) of the United States Internal Revenue Code of 1939, which exempts gifts to charities from Federal estate taxes. This section has been interpreted by the Internal Revenue Service as exempting a bequest for masses to a charitable corporation. See C. C. H. Federal and Gift Tax Reporter, section 2000, 437, subsection 429.5, page 2869, vol. 1. . . .

And now, January 30, 1963, the account is confirmed nisi.